2013 OK CIV APP 109

Gladys **ERBAR** and Tom Erbar,
Plaintiffs/Appellees,

v.

**RARE HOSPITALITY INTERNATION-AL, INC.**, Bruce Sternad, Gages Steak-house, LLC, Hospitality Ventures Management, LLC, Bonefish/Colorado Limited Partnership, Carrabba's Broken Arrow Limited Partnership, Carrabba's Colorado–I Limited Partnership, Flemings/Southmidwest I Limited Partnership, and Capstar Oklahoma Beverage Corporation, Defendants/Appellants,

and

A. Aguirre LLC, et al., Additional Defendants.

No. 110666.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 23, 2013.

Rehearing Denied Nov. 14, 2013.

Fenton R. Ramey, Yukon, Oklahoma, for Plaintiff/Appellee Gladys Erbar.

Tom Erbar, El Reno, Oklahoma, Pro se Appellee.

Thomas G. Wolfe, Shannon K. Emmons, Catherine L. Campbell, Phillips Murrah P.C., Oklahoma City, Oklahoma, for Defendants/Appellants Bonefish/Colorado Limited Partnership, Carrabba's Broken Arrow Limited Partnership, Carrabba's Colorado–I Limited Partnership and Flemings Southmidwest I Limited Partnership.

Gary M. Chubbuck, Michael M. Purcell, Chubbuck Smith & Duncan, P.C., Oklahoma City, Oklahoma, for Defendant/Appellant Bruce Sternad & Gages Steakhouse, LLC John Hermes, James R. Webb, Zachary A.P. Oubre, McAfee & Taft, A Professional Corporation, Oklahoma City, Oklahoma, for Defendant/Appellant Rare Hospitality International, Inc.

Philip O. Watts, Mitchell D. Rozin, Oklahoma City, Oklahoma, for Defendant/Appellant Hospitality Ventures Management, LLC Douglas A. Rice, Stephen L. McCaleb, Derryberry & Naifeh, LLP, Oklahoma City, Oklahoma, for Defendant/Appellant Capstar Oklahoma Beverage Corporation.

JANE P. WISEMAN, Judge.

¶ 1 Rare Hospitality International, Inc., Bonefish/Colorado Limited Partnership, Carrabba's Broken Arrow Limited Partnership, Carrabba's Colorado–I Limited Partnership, Flemings Southmidwest I Limited Partnership, Bruce Sternad, Gages Steakhouse, L.L.C., Hospitality Ventures Management, LLC, and Capstar Oklahoma Beverage Corporation (collectively, Restaurants) appeal from the trial court's orders denying their motions to vacate the default judgments entered against them.[1] The issue on appeal is whether the trial court abused its discretion in refusing to vacate the default judgments. We conclude that it did and reverse the trial court's orders and remand for further proceedings.[2]

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Gladys Erbar and Tom Erbar filed an amended petition in which they named hundreds of restaurants as defendants. The Erbars sought a declaratory judgment holding that Defendants overcharged them in the sale of mixed beverages. The Erbars state that the following rules apply to the sale of mixed beverages:

(a) All sales are subject to a 13½ "gross sales tax" ("liquor tax");

(b) The liquor tax is a direct tax which [is] to be collected from the consumer upon each sale;

(c) If the drink is price-advertised, such advertised price must include the liquor tax;

(d) Applicable sales tax for the jurisdiction in which the sale is made must also be collected from the consumer;

(e) The sales tax cannot be applied to the liquor tax, or to any other portion of the

---

1. Although the judgments complained of do not dispose of all claims against all parties, they are appealable as a matter of right pursuant to 12 O.S.2011 § 952(b)(2), as the Supreme Court has held in this case. *Central Plastics Co. v. Barton Indus. Inc.,* 1991 OK 103,¶ 2, 818 P.2d 900, 900.

2. We deny Restaurants' motion to strike. We note, however, that the only brief of the Erbars on which we relied in reaching our decision was their replacement brief.

total sales transaction which represents the liquor tax;

(f) Further, a sales tax cannot be applied upon and against any other tax.

The Erbars contend that Defendants swore under oath as a condition of obtaining an ABLE license that they would obey all regulations applicable to the sales of mixed drinks. According to the Erbars, Defendants charged them "an excessive and unlawful amount for" mixed beverages they purchased, which they assert violates the rules set forth above and other laws, including the Oklahoma Consumer Protection Act. The Erbars also claim that each sale by each defendant constituted a contract between that defendant and the Erbars and that the defendants breached those contracts in bad faith.

¶ 3 Summonses were served on Bruce Sternad, Rare Hospitality International, Inc., Bonefish/Colorado Limited Partnership, Carrabba's Broken Arrow Limited Partnership, Carrabba's Colorado–I Limited Partnership, Flemings Southmidwest I Limited Partnership, Gages Steakhouse, LLC, Hospitality Ventures Management, LLC, and Capstar Oklahoma Beverage Corporation. These defendants failed to file an answer or otherwise respond to the amended petition. On November 21, 2011, default judgment was entered against Gages Steak House for actual damages in the amount of $.73 and $.58 for overcharges, $2,000 for each plaintiff for a civil penalty, $105 for costs and $1,000 for attorney fees for Gladys Erbar's attorney. Default judgment was also entered that day against Bruce Sternad for actual damages in the amount of $.05 for each plaintiff for overcharges, the same civil penalty as the Gages case, and the same amount for costs and attorney fees.

¶ 4 On November 23, 2011, the trial court also entered default judgments against the following Restaurants: Capstar, for $.07 and $.05 in actual damages for overcharges, Carrabba's Colorado–I Limited, $1.01 and $.73 in actual damages for overcharges, Carrabba's Broken Arrow, $.91 and $.91 in actual damages for overcharges, Hospitality Ventures Management, $.09 and $.07 in actual damages for overcharges, Fleming's/Southwest,

$1.23 and $.87 in actual damages for overcharges, Rare Hospitality International, $.07 and $.05 in actual damages for overcharges, and Bonefish/Colorado, $.74 and $.81 in actual damages for overcharges. Against each Restaurant, the trial court also awarded $2,000 to each plaintiff for a civil penalty, $105 for costs and $1,000 for attorney fees for Gladys's attorney. In awarding the civil penalty, the court found that Restaurants' actions were unconscionable based on the criteria established in 15 O.S. § 761.1.

¶ 5 On December 15, 2011, Gages Steakhouse and Bruce Sternad filed a motion to vacate and set aside the default judgments against them. They admit they were properly served and failed to respond to service of process. They state, however, that no scheduling deadlines had been set for completion of discovery, pretrial conference, or trial and that setting aside the default judgments would not prejudice the Erbars or impose any burden on the court. They further allege that the court lacked subject matter jurisdiction and the default judgments were contrary to law.

¶ 6 On December 16, 2011, Capstar filed a motion to vacate the default judgment stating that the Erbars filed the lawsuit against over 700 defendants. Capstar asserts it is affiliated with another defendant in the Erbars' case, Interstate Hotels, LLC, which responded to the lawsuit by filing an entry of appearance and a motion to dismiss. Capstar claims that its failure to respond to the petition was unintentional and that its motion to vacate is timely filed under the terms of 12 O.S.2011 § 1031.1. Capstar states, "Due to the number of Defendants, as well as the numerous pending Motions to Dismiss, the Plaintiff will not sustain any prejudice by the granting of this Motion."

¶ 7 Rare Hospitality also filed a motion to vacate on December 16, 2011, citing 12 O.S. 2011 § 1031.1 and noting that the trial court has almost unlimited discretion to vacate the default judgment. In arguing for its day in court, Rare Hospitality contends that vacating the default judgment would promote justice because Hospitality would suffer substantial hardship if the motion were denied, vacating the judgment would not prejudice

the Erbars, the default judgment violates Hospitality's due process rights, and the Erbars failed to give sufficient notice of damages and their claim to injunctive relief.

¶ 8 On December 22, 2011, Defendants Bonefish/Colorado Limited Partnership, Carrabba's Broken Arrow, Carrabba's Colorado–I, and Flemings Southmidwest I Limited Partnership filed a motion to vacate the default judgment alleging that OSI Restaurant Partners, LLC, owns these defendants and two Outback entities. OSI contacted the Phillips Murrah law firm to represent it in the Erbars' lawsuit but Phillips Murrah, mistakenly believing that it represented only the Outback entities, answered the Erbars' petition for the Outback entities only. These defendants asked the trial court, pursuant to the power granted by 12 O.S.2011 § 1031.1, to vacate the default judgments entered against them on November 23, 2011. According to these Restaurants, there was an honest misunderstanding regarding which entities the law firm represented and the default judgments are void because they violate these defendants' due process rights.

¶ 9 Hospitality Ventures Management filed a motion to vacate the default judgment on December 22, 2011, alleging that the default judgment entered against it on November 23, 2011, without notice should be vacated in the interest of justice. It claims that it operates the Embassy Suites Hotel in Tulsa and that after it was served, it forwarded the summons to its national office where it was misplaced. It argues that the Erbars would not be prejudiced by the trial court vacating the default judgment, the judgment violates due process, and the Erbars failed to produce clear and convincing evidence that they were entitled to extraordinary injunctive relief.

¶ 10 After the Erbars filed objections to the motions to vacate, a hearing was held on the motions on February 29, 2012. When the trial court refused to vacate the default judgments, Restaurants appealed.

## STANDARD OF REVIEW

¶ 11 "The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion."

*Ferguson Enters. Inc. v. H. Webb Enters. Inc.*, 2000 OK 78,¶ 5, 13 P.3d 480, 482. In reviewing an order which refuses to vacate a final judgment, "the appellate court's inquiry does not focus on the underlying judgment, but rather on the correctness of the trial court's response to the motion to vacate." *Central Plastics Co. v. Barton Indus. Inc.*, 1991 OK 103,¶ 2, 818 P.2d 900, 900. An abuse of discretion has occurred when, among other things, the decision "represents an unreasonable judgment in weighing relevant factors." *Oklahoma City Zoological Trust v. State ex rel. Pub. Employees Relations Bd.*, 2007 OK 21,¶ 5, 158 P.3d 461, 464.

## ANALYSIS

¶ 12 We conclude that it was an abuse of discretion to refuse to vacate the default judgments entered against Restaurants. Restaurants sought to vacate the judgments pursuant to 12 O.S.2011 § 1031.1, and the Erbars do not dispute that Restaurants' motions to vacate were filed within the 30–day period provided by that section. Section 1031.1(B) provides, in part, the following: "On motion of a party made not later than thirty (30) days after a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree, or appealable order." A trial court addressing a timely motion to vacate a default judgment pursuant to this section has "very wide and extended discretion that is almost unlimited" to vacate such a judgment. *Neumann v. Arrowsmith*, 2007 OK 10,¶ 9, 164 P.3d 116, 119.

¶ 13 In reviewing a trial court's decision vacating or refusing to vacate a default judgment, the Supreme Court has considered the following factors:

1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be

made where a judgment has been set aside than where it has not.

*Ferguson Enters. Inc.*, 2000 OK 78 at ¶ 5, 13 P.3d at 482. The Court has also considered "whether substantial hardship would result from granting or refusing to grant the motion to vacate." *Id.*

¶ 14 " '[T]he approach to a consideration of the vacating of a default judgment must necessarily differ from the vacation of a judgment where the parties have had at least one opportunity to present the case on its merits.' " *Midkiff v. Luckey*, 1966 OK 49,¶ 7, 412 P.2d 175, 177 (quoting *Haskell v. Cutler*, 1940 OK 485,¶ 8, 108 P.2d 146, 147). The Supreme Court has emphasized that " '[l]itigated questions should be tried on their merits.' " *Id.* at ¶ 6, 412 P.2d at 176 (quoting *State Life Ins. Co. v. Liddell*, 1936 OK 662,-¶ 0, 61 P.2d 1075, 1075 (syl. by the Court)).

¶ 15 In deciding whether to grant a motion to vacate a default judgment, "[t]rial courts should also consider . . . whether vacation could be granted without substantial delay or injustice, and whether allowing the default judgment to stand would work a serious injustice." *St. John Med. Ctr. v. Brown*, 2005 OK CIV APP 101,¶ 10, 125 P.3d 700, 702 (citing *Burroughs v. Bob Martin Corp.*, 1975 OK 80,¶ 15, 536 P.2d 339, 341). Examining and considering these factors, we conclude that the proper exercise of discretion dictates granting Restaurants' motions to vacate the default judgments.

¶ 16 The Erbars argue that Restaurants "simply ignor[ed] service of process" and do "not deserve to be rewarded by vacating the judgments." Restaurants respond that the Erbars brought this action against more than 750 restaurants in Oklahoma in a petition whose caption contains eight pages listing defendants. Restaurants presented the trial court with reasons for failing to answer the Erbars' petition including inadvertence and miscommunication. At the hearing on the

motions to vacate, Restaurants' counsel informed the court of their reasons for failure to answer. Capstar alleged that it is affiliated with another defendant in this lawsuit which filed an entry of appearance and a motion to dismiss and that Capstar's failure to answer was unintentional. Bonefish/Colorado, Carrabba's Broken Arrow, Carrabba's Colorado–I, and Flemings alleged that there was a misunderstanding arising from their belief that they were represented by a law firm which represented other defendants. Hospitality Ventures asserted that it forwarded the summons to its national office and the summons was misplaced.

¶ 17 The trial court was clearly not persuaded to vacate the default judgments by the reasons Restaurants gave for failing to answer the amended petition. However, with so many defendants in the lawsuit and the affiliation of some Restaurants with other restaurants named as defendants, confusion among some of the defendants and their counsel is understandable.

¶ 18 When we review the other factors delineated by the Supreme Court in considering orders granting or denying vacation of default judgments, along with Restaurants' stated reasons for failing to respond to the lawsuit, we are convinced that refusal to vacate these default judgments was an abuse of discretion. With so many defendants and the fact that the case had not advanced far when Restaurants sought relief from the default judgments against them,[3] we conclude that the trial court could have granted the motions without causing substantial delay, hardship, or expense and by doing so, afforded Restaurants an opportunity to defend the lawsuit on its merits. Other than being required to go forward in the prosecution of their claims against Restaurants, which they would have been required to do if Restaurants had timely responded to the amended petition, we can see no prejudice to the Erbars in vacating the default judgments.

---

3. Although the trial court appearance docket in this case, Canadian County Case No. CJ–2011–159, is voluminous because so many defendants are involved, the case was still in the pleading and motion to dismiss stage at the time the trial court heard these motions to vacate. The trial court entered a Preliminary Case Management Order on September 23, 2011, setting timelines to file responses to the amended petition, responses to defense motions responsive to the amended petition, and replies to responses to defense motions. These timeframes all pertain to the pleading stage of the case.

¶ 19 Finally, we conclude that "allowing the default judgment to stand would work a serious injustice." "[J]udicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice." *Ferguson Enters. Inc.*, 2000 OK 78 at ¶ 5, 13 P.3d at 482. The trial court ordered each defaulting Restaurant to pay actual damages, costs, and civil penalties of $2,000 to each of the Erbars for violation of the Oklahoma Consumer Protection Act, and $1,000 to Gladys's attorney for attorney fees. The trial court states that it based its decision on the criteria set forth in the Consumer Protection Act at 15 O.S.2011 § 761.1(B), which provides the following:

> The commission of any act or practice declared to be a violation of the Consumer Protection Act, if such act or practice is also found to be unconscionable, shall render the violator liable to the aggrieved customer for the payment of a civil penalty, recoverable in an individual action only, in a sum set by the court of not more than Two Thousand Dollars ($2,000.00) for each violation. In determining whether an act or practice is unconscionable the following circumstances shall be taken into consideration by the court: (1) whether the violator knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his or her interests because of his or her age, physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; (2) whether, at the time the consumer transaction was entered into, the violator knew or had reason to know that price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by like consumers; (3) whether, at the time the consumer transaction was entered into, the violator knew or had reason to know that there was no reasonable probability of payment of the obligation in full by the consumer; (4) whether the violator knew or had reason to

know that the transaction he or she induced the consumer to enter into was excessively one-sided in favor of the violator.

This statute is very specific about the circumstances and factors the court must consider in determining whether a violation of the Consumer Protection Act is "unconscionable."

¶ 20 First, we note that the trial court in its default judgment did not state which provision of the Consumer Protection Act it found Restaurants violated, making it difficult to determine which "act or practice" the trial court found to be unconscionable. The court at the default judgment hearing took no sworn testimony other than statements from the Erbars that the affidavits they were submitting to the court reflected their testimony. The affidavits on which the court relied are not attached to the judgments and do not appear of record. The trial court also imposed the maximum penalty under the Consumer Protection Act without any evidence to support the conclusion that Restaurants' conduct in the circumstances presented was "unconscionable" pursuant to any of the four circumstances defined in the Act.[4]

¶ 21 There is also no evidence in the default judgment documents that the Erbars were unable to protect their interests because of their "age, physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor." It appears from the record that the Erbars visited hundreds of restaurants and kept detailed records of alleged violations to support their claims that the defendant restaurants were overcharging them.

¶ 22 The largest actual damages amount awarded to either Erbar was $1.23. Without evidence that Restaurants knew, or should have known, that they violated the Consumer Protection Act, it is difficult to tie Restaurants' conduct to the finding of unconsciona-

---

4. In the default judgments, the trial court found that Restaurants' acts were "unconscionable for the reasons set forth in [the Erbars'] Amended Petition, based on the criteria set forth in Paragraph B of Title 15 Section 761.1, such conditions found by the Court to exist in the subject transactions." The amended petition lists only three of the four grounds in the Act for a finding of "unconscionability," omitting the third ground based on a violator's knowledge that there was no "reasonable probability" of full payment of the obligation by the consumer. 15 O.S.2011 § 761.1(B).

bility required for the imposition of the maximum statutory civil penalty.

¶ 23 "Appellate courts have not been reluctant to grant relief to a defaulting litigant even where the trial court has denied such relief." *St. John Med. Ctr. v. Brown,* 2005 OK CIV APP 101, ¶ 8, 125 P.3d 700, 702 (citing *Burroughs v. Bob Martin Corp.,* 1975 OK 80, ¶ 13, 536 P.2d 339, 341, and *State ex rel. Oklahoma Bar Ass'n v. Lobaugh,* 1988 OK 144, ¶ 13, 781 P.2d 806, 810 (In these cases, the Supreme Court noted that it has on more than one occasion "been more impressed with the need to grant relief to a defaulting litigant than the lower court believed the party deserved.")). We conclude this is such an occasion.

¶ 24 Default judgments are viewed with disfavor, as all parties acknowledged, and Restaurants have not had an opportunity to be heard on the merits of the claims asserted against them. And, the Supreme Court has reiterated that "a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not." *Ferguson Enters. Inc.,* 2000 OK 78 at ¶ 5, 13 P.3d at 482. Put another way, it is easier to abuse one's discretion in denying a motion to vacate than it is to do so in granting one.

¶ 25 These factors, in conjunction with the trial court's imposition of the maximum penalty for violation of the Consumer Protection Act, lead us to conclude the trial court abused its discretion when it refused to vacate the default judgments, relief which would have allowed Restaurants to litigate the merits of the Erbars' claims, including the claim that they acted unconscionably.

## CONCLUSION

¶ 26 After review of the trial court's decisions under the standard applicable to a request for relief based on 12 O.S.2011 § 1031.1, we hold it was an abuse of discretion to deny Restaurants' motions to vacate the default judgments at issue here. We reverse the orders of the trial court and remand the matter for further proceedings.

¶ 27 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, V.C.J., and FISCHER, P.J., concur.