OSCN Found Document:WELLS FARGO BANK, N.A. v. KINDLE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 WELLS FARGO BANK, N.A. v. KINDLE
2014 OK CIV APP 67
Case Number: 111957
Decided: 06/11/2014
Mandate Issued: 08/01/2014
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2014 OK CIV APP 67, __ P.3d __

WELLS FARGO BANK, N.A., IN TRUST FOR THE BENEFIT OF PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-WCW2, Plaintiff/Appellant,
v.
THERESA KINDLE and ELDRIDGE KINDLE, Defendants/Appellees,
and
OCCUPANTS OF THE PREMISES, AMERIQUEST MORTGAGE COMPANY, and ARGENT MORTGAGE COMPANY, LLC, Defendants.

APPEAL FROM THE DISTRICT COURT OF LOGAN COUNTY, OKLAHOMA

HONORABLE LOUIS A. DUEL, TRIAL JUDGE

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS

Trent A. Gudgel, Dustin L. Perry, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant
Stephen A. Harry, STEPHEN A. HARRY, P.C., Oklahoma City, Oklahoma and Neelam A. Patel, NEELAM A. PATEL, P.C., Oklahoma City, Oklahoma, for Defendants/Appellees

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Wells Fargo Bank, N.A., appeals an order of the trial court denying its motion to vacate the dismissal with prejudice of its foreclosure action against Theresa Kindle and Eldridge Kindle. The issue on appeal is whether the trial court abused its discretion in denying the motion to vacate. After review of the record and applicable law, we conclude that the motion to vacate should have been granted. The decision of the trial court denying the motion to vacate is reversed, the dismissal is vacated, and the case is remanded for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

¶2 Wells Fargo filed a petition for foreclosure of mortgage on July 20, 2010, seeking reformation of the legal description in a mortgage executed by the Kindles on real property in Logan County and foreclosure of the mortgage due to alleged default by the Kindles. The Kindles filed an answer and then filed a first amended answer asserting the following affirmative defenses: (1) they have been in negotiations on the note and mortgage; (2) they have sent payments to the original holder of the note; (3) Wells Fargo wrongfully initiated the foreclosure action because they had entered into a repayment agreement; and (4) the original note was destroyed or transferred. The Kindles filed a motion to dismiss asserting that Wells Fargo had not proven it is the proper party to bring the action and that the claim was brought outside the statute of limitations. Wells Fargo filed a response to the motion to dismiss. A docket entry indicates that the motion to dismiss was withdrawn and on January 21, 2011, the trial court assigned the case to the May 20, 2011, disposition docket. On May 20, 2011, the trial court struck the case from the disposition docket and a scheduling order was filed that day. The order required discovery to be completed by November 15, 2011. The docket indicates that on July 21, 2011, a joint application to extend scheduling order deadlines was filed, and an order extending those deadlines was also filed that day.

¶3 On September 30, 2011, the Kindles filed a "Response and Counterclaim/ Cross Claim" in which they alleged affirmative defenses of failure to state a claim, lack of capacity to sue, negligence, estoppel, laches, fraud, and illegality. They also asserted claims against Wells Fargo for fraud, wrongful foreclosure/abuse of process, breach of contract, rescission, cancellation, quiet title, intentional infliction of emotional distress, negligence/gross negligence, and declaratory judgment/accounting. Wells Fargo filed a motion to dismiss the counterclaims on November 14, 2011. On November 18, 2011, the case was stricken from the disposition docket. After the Kindles filed a response to the motion to dismiss and Wells Fargo filed a reply, on January 6, 2012, a hearing was held on Wells Fargo's motion to dismiss counterclaims. An order was filed on January 19, 2012, granting Wells Fargo's motion to dismiss the Kindles' counterclaims.

¶4 On February 9, 2012, Wells Fargo and the Kindles filed a "Joint Application to Continue Discovery and All Associated Deadlines." The application states: "All parties have discussed the issue and have mutually agreed to the granting of an extension to conduct discovery and extend the discovery period, which will now expire on July 31, 2012, thereby allowing both parties adequate time to proceed with conducting discovery in this matter." On February 13, 2012, the trial court entered an order continuing discovery and all associated deadlines until July 31, 2012.

¶5 The next entry on the docket sheet after the order continuing discovery is "Order Granting Dismissal With Prejudice" entered on April 5, 2013. Immediately following on the docket sheet is a court minute entry also on April 5, 2013, stating: "Judge Duel - Case comes on for disposition hearing. Plaintiff fails to appear. Defendants appear by counsel. Case dismissed." The order filed on that date dismisses all of Wells Fargo's "rights arising out of this transaction which is the subject of this action in the above styled and numbered cause with prejudice toward the bringing of any further action."

¶6 On April 18, 2013, Wells Fargo filed a motion to vacate[1] the order of dismissal asserting (1) there was no basis to dismiss the action with prejudice; (2) there was no motion for dismissal pending on which the court could rule; (3) Wells Fargo's counsel did not receive notice of the disposition docket on April 5, 2013, and therefore did not attend; (4) because of the lack of notice, the order should be vacated; and (5) Wells Fargo "did not become aware of the Order until it received a copy of the Order in the mail on April 15, 2013[,] even though Defense Counsel certifies that they mailed it on April 5, 2013."

¶7 The Kindles filed a response in which they asserted that "[u]pon proper notice to all parties, the Court scheduled this matter on its Disposition Docket for April 5, 2013." The Kindles assert they appeared through their counsel at the disposition docket, but Wells Fargo failed to appear. They assert that Wells Fargo originally filed suit against them on March 25, 2005, but dismissed that action without prejudice on November 14, 2005. They claim that Wells Fargo refiled its lawsuit against them on July 20, 2010, and that the "dismissal entered by this Court on April 5, 2013[,] . . . was the second dismissal of this matter, and as a result the Court dismissed [Wells Fargo's] lawsuit with Prejudice." The Kindles cite 12 O.S. § 100 and claim that "[a] plaintiff is afforded only one opportunity to re-file under §100 if the case is dismissed after the limitations period has run." The Kindles also cite 12 O.S § 682, which at the time of the filing of their response provided, in part: "The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served." 12 O.S.2011 § 682. They assert failure to prosecute as a ground for a court to dismiss a case.

¶8 The Kindles assert their counsel was notified of the disposition docket hearing "by way of the same electronic mail transmission (email) that was sent by the Court to all Attorneys of record in this matter."

¶9 In an affidavit filed June 7, 2013, counsel for Wells Fargo stated that she did not receive notice by email or regular mail that the matter had been placed on the disposition docket. She asserts that, after receiving the dismissal order on April 16, 2013, she filed a motion to vacate. On June 7, 2013, the trial court entered an order denying Wells Fargo's motion to vacate.

¶10 Wells Fargo appeals the trial court's denial of its motion to vacate the order dismissing the case with prejudice.

STANDARD OF REVIEW

¶11 "The standard of review for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion." Wells Fargo Bank, N.A. v. Heath, 2012 OK 54, ¶ 7, 280 P.3d 328. "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where there is no rational basis in evidence for the ruling." U.S. Bank Nat'l Ass'n v. Baber, 2012 OK 55, ¶ 4, 280 P.3d 956.

ANALYSIS

¶12 The trial court did not state in its order the ground on which it dismissed Wells Fargo's action. It appears that the dismissal is attributed to Wells Fargo's failure to appear at the disposition docket and/or failure to prosecute. On appeal, Wells Fargo asserts that the "failure to give notice of the disposition docket is a violation of due process and the trial court erred in denying the motion to vacate." Wells Fargo cites Heiman v. Atlantic Richfield Co., 1991 OK 22, 807 P.2d 257, in support of its argument. During discovery in the Heiman case, the case was "placed on the district court's 'disposition docket.'" Id. ¶ 2. Notice that the case had been placed on the disposition docket was by publication, which was authorized by 20 O.S.1981 § 1304A.[2] Id. The trial court dismissed the case "sua sponte 'for want of prosecution.'" Id. The Supreme Court held the order dismissing the action was "void for want of constitutionally adequate notice." Id. ¶ 6. The trial court's order indicated notice had been given by publication alone and there was nothing on the judgment roll showing that either party had actual notice that the case had been set on the disposition docket "or that any medium other than publication was employed to inform the parties of the then-impending sua sponte action by the trial court." Id. The Court stated:

The October 30 dismissal had the effect of terminating the plaintiffs' right to press their claim without undue interruption - a property interest shielded by the Due Process Clause of the Fourteenth Amendment. Inasmuch as a constitutionally adequate notice is a precondition to the exercise of in personam jurisdiction, its absence from the face of the judgment roll makes an adjudication void. The precise question to be answered here is whether the notice given by the trial court before its October 30 disposition-docket dismissal meets the minimum standards of due process. We hold it does not.

Id. (footnotes omitted). The Court held "that the statutorily authorized publication notice was not sufficient to inform the plaintiffs and defendants of the disposition-docket setting." Id. ¶ 7. The Court further stated: "We note that while published notice of the disposition docket appears authorized by statute, if the setting to take place may result in an end-of-the-line order--one marking an event dispositive of or terminating the litigation--personal notice is required, whether it be effected by personal service or by mail." Id. ¶ 9.

¶13 In Swanson v. Gick, 1991 OK 9, 805 P.2d 662, the Supreme Court also found that notice by publication was constitutionally inadequate after a case was dismissed during the trial court's annual disposition docket. The Supreme Court reversed the trial court decision to overrule the plaintiff's motion to vacate because it determined that the action "was dismissed without adequate notice of the disposition docket." Id. ¶ 13.

¶14 Citing Heiman, the Supreme Court in Brooks v. Baltz, 2000 OK 73, ¶ 6, 12 P.3d 467, stated: "Failure to give notice of a hearing for the adjudication of rights falls short of the minimum standards of due process and is a jurisdictional error, unless the requirement is waived by the party affected." The Court also stated, "Fundamental fairness cannot be afforded except within a framework of orderly procedure, and that fairness includes giving notice of certain judicial events altering legally cognizable rights." Id. At issue in Brooks was an order that required the payment of child support. The Court concluded "that the face of the judgment roll shows that Petitioner did not receive notice of the hearing held November 4, 1999[,] that required the payment of child support" and therefore
"the order is void and cannot be used as a basis for indirect contempt of court for non-payment of support." Id. ¶ 9.

¶15 There is no indication on the face of the judgment roll[3] here that Wells Fargo was given notice of the disposition docket, and the result of the case being placed on that docket was an "end-of-the-line order." Although the Kindles claim they received notice by email, there is nothing on the judgment roll showing the case being placed on the April 5, 2013, disposition docket or that Wells Fargo was given notice of its placement on that disposition docket. Even if email were an appropriate means to give notice,[4] there is no indication from the judgment roll that any such notice of setting the case on the disposition docket was given to Wells Fargo before the hearing at which the case was dismissed. The Kindles argue in their brief on appeal (1) that Wells Fargo "responded to two prior notices for disposition in this matter when receiving the identical form of notice"; (2) that "[t]o now argue that [] email notice is insufficient, after proven to be sufficient on two prior occasions should not be entertained by the court . . ."; and (3) that Wells Fargo received "notice and an order to appear at the court's disposition docket" which "clearly states that a failure to appear may result in dismissal." There is no documentation in the record to substantiate these assertions, either in the case filings designated for appellate review or on the case docket sheet.

¶16 Title 12 O.S.2011 § 1083 provides:

Any action in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

On the record before us, it would require speculation to conclude that such notice was given or that Wells Fargo received any such notice. We decline to do so in a matter invoking due process considerations.

¶17 In addition, before a case is dismissed for failure to prosecute, a trial court must consider more than just how much time has elapsed since any action was taken in the case. "[T]he Supreme Court has long held that the mere passage of time is not alone dispositive of whether an action should be dismissed, and prejudice to the defendant must also be considered." Nelson v. Mercy Health Ctr., Inc., 2010 OK CIV APP 101, ¶ 14, 241 P.3d 276.[5] In Gugello v. Select Specialty Hospital-Tulsa, Inc., 2006 OK CIV APP 102, ¶ 16, 143 P.3d 519, the Court of Civil Appeals stated:

While we are mindful that litigation should be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity "to have their rights and liberties tried upon the merits." Beck v. Jarrett, 1961 OK 162[,] ¶ 10, 363 P.2d 215, 218; See Burroughs v. Bob Martin Corp., 1975 OK 80, ¶ 23, 536 P.2d 339, 342. Trial courts should be "mindful of the policy favoring the deciding of legal controversies on their merits" and "if the order results in dismissal with prejudice, the court must take a closer look at the circumstances." Bicknell v. Randolph, 2005 OK CIV APP 7, ¶ 1, 105 P.3d 843, 846.

"If an order of dismissal results in a dismissal with prejudice, as here, an appellate court must take a closer look at the circumstances." Nelson v. Mercy Health Ctr., Inc., 2010 OK CIV APP 101, ¶ 11, 241 P.3d 276. Because no notice to Wells Fargo of the disposition docket appears of record and the trial court dismissed the action with prejudice,[6] we conclude that it was an abuse of discretion to refuse to vacate the dismissal.

¶18 It is well-settled that "a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not." Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480. As this Court has previously cautioned, "[I]t is easier to abuse one's discretion in denying a motion to vacate than it is to do so in granting one." Erbar v. Rare Hospitality Int'l, Inc., 2013 OK CIV APP 109, ¶ 24, 316 P.3d 937. It is clear that allowing this dismissal with prejudice to stand would work a serious injustice, and the Supreme Court has consistently held, in emphasizing that such default adjudications are disfavored, that "judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice." Ferguson Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480.

CONCLUSION

¶19 Because notice of the disposition docket cannot withstand due process scrutiny, the dismissal cannot stand. The trial court's denial of Wells Fargo's motion to vacate was an abuse of discretion and is therefore reversed. The dismissal is vacated and the case remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. 

BARNES, C.J., and GOODMAN, J., concur.

FOOTNOTES

[1] Although no specific statutory basis for vacating the dismissal is cited in the motion, it is outside the 10-day window for consideration as a motion for new trial but within the 30-day period for consideration pursuant to 12 O.S.2011 § 1031.1. We thus review the trial court's exercise of discretion pursuant to that statute.

[2] Section 1304A then provided, and still provides, the following:

In each county with a population of more than two hundred thousand (200,000) according to the latest Federal Decennial Census, the chief judge of the district court may, with the concurrence of the majority of the district judges regularly serving in the county, authorize the publication of court dockets in a daily newspaper designated by order of such judges, which newspaper is qualified by law to publish legal notices. The cost of such service shall be paid for by the court clerk out of the court fund on a monthly basis. It shall be computed by multiplying the number of all civil cases filed during the preceding month, save and except small claims suits and juvenile, mental health, habeas corpus and paternity proceedings, by the sum of Three Dollars ($3.00). The amount so computed shall be paid to the designated newspaper publisher upon a verified claim presented to the court clerk. The newspaper designated under the provisions of this act shall publish daily a docket that shall include jury, nonjury, motion and demurrer, criminal and civil dockets as well as all such other proceedings of the district court sitting in the county as the chief judge, with a concurrence of the majority of the district judges regularly serving in the county, may order.

20 O.S.2011 § 1304A.

[3] "The judgment roll consists of '. . . the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; . . .'" Messenger v. Messenger, 1992 OK 27, n. 20, 827 P.2d 865 (quoting 12 O.S.1981 § 32.1, which remains unchanged since 1981).

[4] As provided in relevant part in 12 O.S.2011 § 2005(B),

Service upon the attorney or upon a party shall be made by delivering a copy . . . or by mailing it or sending it . . . by electronic means if the attorney or party consents in writing to receiving service in a particular case by electronic means and the attorney or party provides instructions for making the electronic service consented to by the attorney or party. The required written consent and electronic service instructions may be made in the entry of appearance filed by the attorney or the party pursuant to subsection A of Section 2005.2 of this title or may be made in another pleading filed by the attorney or party in the case. For purposes of this subsection, 'electronic means' includes communications by facsimile or electronic mail through the internet, commonly known as e-mail.

No such written consent or electronic service instructions in compliance with § 2005(B) by Wells Fargo or its attorney appear in the trial court record. Questions of sufficiency of service usually implicate due process considerations, and simply listing an email address under an attorney's signature line on a pleading is not sufficient to comply with this statutory directive, as argued by the Kindles.

[5] In Bicknell v. Randolph, 2005 OK CIV APP 7, ¶ 6, 105 P.3d 843, the Court of Civil Appeals held that before an action is dismissed for failure to prosecute pursuant to Rule 9 of the Rules for District Courts of Oklahoma, the trial court is required to "discuss at least two issues: 1) that the plaintiff failed to show good cause why his case should not be dismissed; and 2) that the defendant was prejudiced by the failure to prosecute." Rule 9 was stricken by the Supreme Court effective April 23, 2013. See Cornett v. Carr, 2013 OK 30, 302 P.3d 769. Rule 9(b) provided: "'Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S. 1981 § 1083.'" Id. n. 1 (Combs, J., dissenting). The majority in Cornett found that Rule 9(a) shortened the allotted time for service of summons by a plaintiff and thus conflicted with 12 O.S. Supp. 2002 § 2004(I). Section 9(a) provided: "In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff." Rule 9(a) of the Rules for District Courts of Oklahoma, 12 O.S.2011, ch. 2, app.

[6] The record is silent as to whether, in dismissing the case with prejudice, the trial court considered the questions of which statute of limitations applied and how that limitations bar was to be applied when it is claimed that installment payments due under a note have become delinquent. The petition filed on July 20, 2010, alleges a failure to pay the installment on the note due on July 1, 2005, the failure to pay any subsequent installment, and the acceleration of the due date of the entire amount due under the note. The statute of limitations for an "action upon a contract, agreement, or promise in writing" is five years as provided in 12 O.S.2011 § 95(A)(1). However, except for certain circumstances not applicable in the present case, 12A O.S.2011 § 3-118(a) provides, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date."

To determine that the case should be dismissed with prejudice, the trial court would have had to apply 12 O.S.2011 § 100 to this case as a re-filing of a previously dismissed case after the statute of limitations had run on the claims in Wells Fargo's petition. Section 100 applies to allow a re-filing when the statute of limitations has run at the time of the previous dismissal. The general rule as enunciated in Oklahoma Brick Corp. v. McCall, 1972 OK 70, 497 P.2d 215, is "a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a plaintiff first could have maintained his action to a successful conclusion." Id. ¶ 10 (citations omitted). "On an installment note, each installment constitutes a separate cause of action, and an action may be maintained to collect each installment as it becomes due." Id. (citations omitted). "[T]he statute of limitations would begin to run against each installment as it becomes due according to the terms of the note." Id. "Therefore, on an installment note, we hold that the statute of limitations begins to run against each installment on the day following its maturity." Id. ¶ 11. Although for this last proposition, the Oklahoma Brick Corp. Court cited 12A O.S.1971 § 3-122 which was repealed effective January 1, 1992, when 12A O.S. § 3-118 became effective, the law stated in this proposition appears to be unaffected by the statutory change. Because we reverse the denial of the motion to vacate and as a result vacate the dismissal, it is unnecessary to address the questions of which statute of limitations applies, 12 O.S.2011 § 95(A)(1) or 12A O.S.2011 § 3-118(a), the effect of that application on Wells Fargo's claims, or the effect of the note's acceleration.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2005 OK CIV APP 7, 105 P.3d 843, BICKNELL v. RANDOLPH
Discussed at Length 2006 OK CIV APP 102, 143 P.3d 519, GUGELLO v. SELECT SPECIALTY HOSPITAL-TULSA, INC.
Discussed 2010 OK CIV APP 101, 241 P.3d 276, NELSON v. MERCY HEALTH CENTER, INC.
Discussed at Length 2013 OK CIV APP 109, 316 P.3d 937, ERBAR v. RARE HOSPITALITY INTERNATIONAL, INC.
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1991 OK 9, 805 P.2d 662, 62 OBJ 443, Swanson v. Gick
Discussed 1991 OK 22, 807 P.2d 257, 62 OBJ 869, Heiman v. Atlantic Richfield Co.
Discussed 1992 OK 27, 827 P.2d 865, 63 OBJ 532, Messenger v. Messenger
Discussed 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed at Length 1961 OK 162, 363 P.2d 215, BECK v. JARRETT
Discussed 2000 OK 73, 12 P.3d 467, 71 OBJ 2578, BROOKS v. BALTZ
Discussed 1972 OK 70, 497 P.2d 215, OKLAHOMA BRICK CORPORATION v. McCALL
Discussed 2012 OK 54, 280 P.3d 328, WELLS FARGO BANK, N.A. v. HEATH
Discussed 2012 OK 55, 280 P.3d 956, U.S. BANK NATIONAL ASSOCIATION v. BABER
Discussed 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed 1975 OK 80, 536 P.2d 339, BURROUGHS v. BOB MARTIN CORPORATION
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 95, Limitation of Other Actions
Discussed 12 O.S. 32.1, Contents of Record
Cited 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Discussed 12 O.S. 682, Judgment Given for or against Several Persons - Petition Dismissal - Limitation on Individual Liability for Judgments Against Corporation
Cited 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited 12 O.S. 1083, Actions in Which No Pleadings Filed or Other Action Taken for One Year - Dismissal
Discussed 12 O.S. 2004, 12 O.S. 2004, Process
Cited 12 O.S. 2005, Service and Filing of Pleadings and Other Papers
Cited
Title 20. Courts Cite
Name
Level 20 O.S. 1304A, Publication of Court Dockets in Certain Counties - Payment of Expenses
Discussed
Title 12A. Uniform Commercial Code Cite
Name
Level 12A O.S. 3-118, Statute of Limitations
Discussed at Length 12A O.S. 3-122, Repealed by Laws 1991, SB 25, c. 117, § 137, eff. January 1, 1992
Cited