WELLS FARGO BANK v. TAYLOR



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WELLS FARGO BANK v. TAYLOR

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WELLS FARGO BANK v. TAYLOR
2018 OK CIV APP 24
Case Number: 115330
Decided: 03/09/2018
Mandate Issued: 04/04/2018
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 24, __ P.3d __

 

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK OF MINNESOTA, NATIONAL ASSOCIATION AS TRUSTEE, F/K/A NORTHWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC4, Plaintiff/Appellee,
v.
CHARLES W. TAYLOR and KATHERINE L. TAYLOR, Defendants/Appellants,
and
Mortgage Electronic Registration Systems, Inc.; Centurion Capital Corp., LLC DBA Centurion Capital Corp.; Allied Equity Corp.; Wells Fargo Bank, N.A.; Midland Funding, LLC; John Doe; and Jane Doe, Additional Parties.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE JEFFERSON D. SELLERS, JUDGE

AFFIRMED

Brian J. Rayment, KIVELL, RAYMENT, and FRANCIS, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee,

Michael W. McCoy, McCOY LAW OFFICE, Broken Arrow, Oklahoma, for Defendants/Appellants.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Defendants/Appellants, Charles W. Taylor and Katherine L. Taylor, appeal from the trial court's order denying their motion to vacate a mortgage foreclosure judgment in favor of Plaintiff/Appellee, Wells Fargo Bank, N.A., as trustee for an asset investment trust. For the reasons set forth below, we affirm.

¶2 In March 2003, Charles Taylor borrowed $369,000.00 from Finance America, LLC, to finance the purchase of a home. He signed a promissory note (Note) promising to repay the loan. Charles and his wife, Katherine, also granted a mortgage (Mortgage) against the real property located at 6634 E. 112th Place South in Bixby, Oklahoma (Subject Property). The mortgage instrument stated that Mortgage Electronic Registration Systems, Inc. (MERS), was mortgagee "solely as a nominee for Lender and Lender's successors and assigns." In 2010, MERS, as nominee, assigned the Mortgage to Plaintiff.

¶3 Charles defaulted on the Note in September 2009. In April 2012, Plaintiff filed a Petition to foreclose the Mortgage. Attached to Plaintiff's Petition were copies of the Note endorsed in blank and the Mortgage. Both documents recited the street address of the Subject Property. However, the page containing the legal description of the Subject Property was inadvertently omitted from the Mortgage. The district court granted summary judgment to Plaintiff in October 2013, but vacated the judgment in March 2014 because of the missing legal description in the Mortgage. The court's docket entry from March 4, 2014, states in relevant part:

Court vacates summary judgment and grants partial summary judgment as to all issues except description of property. Standing issues granted in favor of Wells Fargo. Plaintiff[] granted leave to amend petition. (all capital letters in original converted to lower case as warranted).

¶4 Plaintiff filed its First Amended Petition on March 11, 2014, with the attached Mortgage containing the Subject Property legal description. The Petition stated inter alia:

[T]he legal description attached to the Mortgage Document was inadvertently left off the original petition when filed. That the legal description has always been a part of the Mortgage Document and was filed in the Tulsa County Land Records with the Mortgage Document. That this Amended Petition is filed simply to correct the Court's record as to the complete Mortgage Document as found in the Tulsa County Land Records. Judgment having previously been awarded as to all other issues but as to the subject property.

Defendants answered with a general denial of the allegations.

¶5 Plaintiff thereafter moved for summary judgment. In addition to the Note, Mortgage and other documents, Plaintiff attached to the motion an affidavit from an employee of the loan servicing company who was authorized to sign on behalf of Plaintiff. The affidavit recited that Plaintiff is entitled to enforce the Note and Mortgage, and that the loan has "been in constant default since September 1, 2009." The trial court granted summary judgment to Plaintiff by order dated February 9, 2016. The Defendants' motion to vacate or reconsider the judgment was denied by the trial court on May 10, 2016. The court thereafter filed a Corrected Order Denying Motion to Vacate (which amended only the style) that is the subject of this appeal.

¶6 This Court's standard of review in this appeal is as follows:

The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. Ferguson Enters. Inc. v. H. Webb Enters. Inc., 2000 OK 78, ¶ 5, 13 P.3d 480, 482. In reviewing an order which refuses to vacate a final judgment, "the appellate court's inquiry does not focus on the underlying judgment, but rather on the correctness of the trial court's response to the motion to vacate." Central Plastics Co. v. Barton Indus. Inc., 1991 OK 103, ¶ 2, 818 P.2d 900, 900. An abuse of discretion has occurred when, among other things, the decision "represents an unreasonable judgment in weighing relevant factors." Oklahoma City Zoological Trust v. State ex rel. Pub. Employees Relations Bd., 2007 OK 21, ¶5, 158 P.3d 461, 464.

Erbar v. Rare Hospitality Int'l, Inc., 2013 OK CIV APP 109, ¶11, 316 P.3d 937.

¶7 Defendants advance a litany of arguments on appeal. The first group of propositions concern Plaintiff's standing to bring this action when it filed suit. "To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing." Deutsche Bank Nat'l Trust Co. v. Matthews, 2012 OK 14, ¶5, 273 P.3d 43. "[A] foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing" inter alia it was "the holder of the instrument." Id. "To show you are the 'holder' of the note you must prove you are in possession of the note and the note is either 'payable to bearer' (blank indorsement) or to an identified person that is the person in possession (special indorsement)." Id. "Therefore, both possession of the note and an indorsement on the note or attached allonge are required in order for one to be a 'holder' of the note." Id. In the present case, Plaintiff attached to its Petition a copy of the endorsed Note. Thus, Plaintiff satisfied its burden of establishing standing when it filed its foreclosure petition. See Toxic Waste Impact Group, Inc. v. Leavitt, 1994 OK 148, ¶8, 890 P.2d 906 (party invoking court's jurisdiction has burden to establish standing).

¶8 Defendants' second proposition attacks the sufficiency of the evidence to support foreclosure. In addition to the Note, Plaintiff's summary judgment motion attached an affidavit from its servicer attesting that Plaintiff was in possession of the Note when the foreclosure action was filed, Plaintiff was entitled to enforce the Note, and the borrower was in default. The affidavit also set forth the amount due. Defendants presented no evidentiary material to dispute these facts.

Summary judgment should be granted where facts set forth in detail in affidavits, depositions, admissions on file, and other competent extraneous materials show there is no substantial controversy as to any material fact. The mere denial in a pleading . . . unsupported by any proof is not sufficient to require the credibility of the opposing party to be determined on trial.

Weeks v. Wedgewood Village, Inc., 1976 OK 72, ¶12, 554 P.2d 780 (footnote omitted).

¶9 We specifically reject Defendants' eleventh proposition that Plaintiff failed to controvert a Securitization Audit that concluded the Note was not placed in the Trust. As Plaintiff correctly asserts, the audit was unsigned and prepared by an unknown and unnamed individual. Such inadmissible and unproved evidence was incapable of controverting Plaintiff's possession of the Note, Plaintiff's business records and the servicer's affidavit. We also reject Defendant's contention that the trial court erred in allowing Plaintiff to file an amended petition for the sole purpose of attaching a complete copy of the Mortgage. Title 12 O.S. 2011 §2015(A) states that leave to file an amended pleading "shall be freely given when justice so requires." Defendants have not shown the trial court abused its discretion by permitting Plaintiff to file the First Amended Petition.

¶10 In their fifth and sixth propositions of error, Defendants urge Plaintiff was required to follow 24 C.F.R. §203.604 prior to filing its foreclosure petition. However, the Mortgage at issue is not a federally insured mortgage and thus not subject to federal regulations governing the foreclosure of HUD loans. Moreover, Defendants presented no evidence the Mortgage was subject to such federal regulations. A party opposing a summary judgment motion that is adequately supported "must respond with some evidentiary material that would demonstrate a need for a trial on the issue." Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶16, 160 P.3d 959.

¶11 Defendants' remaining propositions of error assert the Mortgage is invalid for a variety of reasons. The bulk of Defendants' arguments in this respect focus on the fact the Mortgage at issue is a MERS mortgage, which Defendants assert are invalid under Oklahoma law. Specifically, Defendants insist that pursuant to the plain language of the Mortgage, MERS - not Finance America, LLC - must be considered the mortgagee. Because Finance America was never given a mortgage, Defendants contend, it could not transfer any mortgage to Plaintiff. Defendants also advance that MERS cannot legally be deemed a mortgagee under Oklahoma law because it provided no financing and was paid no consideration. Finally, Defendants aver the term "nominee" is alien to Oklahoma law related to mortgages.[1]

¶12 Title 46 O.S. 2011 §19 defines "mortgagee" as the "person who provides financing, in whole or in part, to a buyer for the purchaser of property and the financing is secured by the property." Here, the Note was taken by Finance America, not MERS. Thus, Defendants argue, MERS cannot be a "mortgagee" as a matter of law. They further argue any mortgage contract with MERS fails for lack of consideration.

¶13 The Mortgage at issue states in relevant part:

This Security Agreement secures to Lender: (i) the repayment of the Loan, . . . For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) . . . , with power of sale, the following described property . . . ."

The severability provision of the Mortgage states in relevant part:

In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

¶14 The "Definitions" section of the Mortgage contains the phrase "MERS is the mortgagee under this Security Instrument." Defendants rely on this provision in arguing there is no mortgage. Defendants' argument lacks merit. Assuming for purposes of our analysis that MERS cannot be a mortgagee pursuant to Oklahoma law, we find the security agreement is defective or ambiguous in only one respect: A party that cannot legally be a mortgagee was named a mortgagee. We are left with a security agreement, styled as a mortgage, which has all the required elements of a mortgage, with the exception of the party named as mortgagee.

¶15 A mortgage is a contract. We find that, in this case, the contract is ambiguous if the named mortgagee does not qualify as a mortgagee pursuant to Oklahoma law. Pursuant to that law, the primary consideration in interpreting a contract is to determine the parties' intent. 15 O.S. 2011 §152 ("A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful").

¶16 The intent of the parties in this case was clearly and indisputably to mortgage the Subject Property as security for a loan. Both parties understood they were creating a mortgage and intended to do so. In Oklahoma, it is a "well settled principle that the applicable law is a part of every contract." Buckles v. Wil-Mc Oil Corp., 1978 OK 137, ¶10, 585 P.2d 1360. The "applicable law" on which Defendants rely is the "definitions" section of 46 O.S. 2011 §19. The definition of a mortgagee is the "person who provides financing, in whole or in part, to a buyer for the purchase of property and the financing is secured by the property." This would be Finance America, LLC, the party that provided the financing and requested a mortgage in return.

¶17 Accepting, for the purpose of this analysis, Defendants' argument that 46 O.S. 2011 §19 requires the party providing financing to be the mortgagee, Finance America, LLC, was the mortgagee by statute. This decision conforms to the fundamental law that it is not possible to bifurcate a note and mortgage in Oklahoma. Deutsche Bank Nat'l Trust Co. v. Byrams, 2012 OK 4, ¶5, 275 P.3d 129. We therefore interpret the Mortgage to reflect the applicable law contained therein and the undisputed intent of the parties. Even though the Mortgage identifies MERS one time as the mortgagee, we conclude Finance America, LLC, was the mortgagee and the Mortgage does not fail.

¶18 We turn next to Defendants' contention that the term "nominee" is alien to the mortgage laws of Oklahoma. The status of MERS as a nominee is of little importance, given that MERS is not a party and is not attempting to exercise any power or right based on its status as nominee. In any event, we note the Oklahoma Supreme Court and Oklahoma Legislature do recognize the term "nominee." "By definition a 'nominee' is substantially the same as the definition of an 'agent.' The legal status of a nominee/agent, then, depends on the context of the relationship of the nominee/agent to its principal." U.S. Bank, N.A. v. Alexander, 2012 OK 43, ¶23, 280 P.3d 936 (footnote omitted). Oklahoma's Title Examination Standard 24.12, 16 O.S. 2011 Ch.1, App., also recognizes the status of "nominee" regarding a mortgage lien.

¶19 To the extent Defendants challenge MERS' standing to transfer the Mortgage, we reiterate Oklahoma jurisprudence is clear that the right to enforce the note is fundamental in foreclosure cases. "An assignment of the mortgage, however, is of no consequence because under Oklahoma law 'proof of ownership of the note carried with it ownership of the mortgage security.'" Deutsche Bank, 2012 OK 4 at ¶5, quoting Engle v. Federal Nat'l Mortg. Ass'n, 1956 OK 176, ¶7, 300 P.2d 997. "Therefore, in Oklahoma it is not possible to bifurcate the security interest from the note." Deutsche Bank at ¶5. Consequently, Defendants cannot challenge the standing of MERS to transfer the Mortgage because it is transferred as a matter of law by transfer of the Note. Nor is there any other standing question regarding MERS, as it is not the foreclosing party, nor is it claiming any interest in the property.

¶20 Finally, to the extent Defendants assert the Mortgage is invalid under any other theory not previously discussed, 16 O.S. 2011 §11 states in relevant part:

Any person or corporation, having knowingly received and accepted the benefits or any part thereof, of any conveyance, mortgage or contract relating to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; . . .

Accord Kaylor v. Kaylor, 1935 OK 530, ¶14, 45 P.2d 743. In the present case, Defendants knowingly accepted the benefits of the Mortgage when they accepted the loan to finance their house. They make no allegation of fraud. Thus, Defendants are estopped from denying the validity of the Mortgage in this proceeding.

¶21 On the basis of the foregoing, we cannot say the trial court abused its discretion by denying Defendants' motion to vacate the judgment. Accordingly, the judgment of the trial court is affirmed.

¶22 AFFIRMED.

JOPLIN, J.; and BUETTNER, J., concur.

FOOTNOTES

[1] It is interesting to note that "[o]ver half of the nation's mortgage loans are now recorded under MERS name." CPT Asset Backed Certificates, Series 2004-EC1 v. Cin Kham, 2012 OK 22, ¶4, 278 P.3d 586 (citing a 2010 survey).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 109, 316 P.3d 937, ERBAR v. RARE HOSPITALITY INTERNATIONAL, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 103, 818 P.2d 900, 62 OBJ 3114, Central Plastics Co. v. Barton Industries, Inc.
Discussed
 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed
 1994 OK 148, 890 P.2d 906, 65 OBJ 4214, Toxic Waste Impact Group, Inc. v. Leavitt
Discussed
 1956 OK 176, 300 P.2d 997, ENGLE v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
Discussed
 1935 OK 530, 45 P.2d 743, 172 Okla. 535, KAYLOR v. KAYLOR
Discussed
 2007 OK 21, 158 P.3d 461, OKLAHOMA CITY ZOOLOGICAL TRUST v. STATE ex rel. PUBLIC EMPLOYEES RELATIONS BD.
Discussed
 2007 OK 38, 160 P.3d 959, LOWERY v. ECHOSTAR SATELLITE CORP.
Discussed
 2012 OK 4, 275 P.3d 129, DEUTSCHE BANK NATIONAL TRUST COMPANY v. BYRAMS
Discussed at Length
 2012 OK 14, 273 P.3d 43, DEUTSCHE BANK NATIONAL TRUST COMPANY v. MATTHEWS
Discussed
 2012 OK 22, 278 P.3d 586, CPT ASSET BACKED CERTIFICATES, SERIES 2004-EC1 v. KHAM
Discussed
 2012 OK 43, 280 P.3d 936, U.S. BANK, N.A. v. ALEXANDER
Discussed
 1976 OK 72, 554 P.2d 780, WEEKS v. WEDGEWOOD VILLAGE, INC.
Discussed
 1978 OK 137, 585 P.2d 1360, BUCKLES v. WIL-MC OIL CORP.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2015, Amended and Supplemental Pleadings
Cited
Title 15. Contracts
 Cite
Name
Level

 15 O.S. 152, Interpreted to Give Effect to Mutual Intention of Parties
Cited
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 11, Receiver of Benefits Estopped
Cited
Title 46. Mortgages
 Cite
Name
Level

 46 O.S. 19, Definitions
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA