LARRY JOPLIN, Presiding Judge.
{1 Appellants, Mother and Father (Parents) of the alleged deprived children, seek review of the trial court's order granting the default, consent termination of their parental rights entered on February 19, 2014. Parents raise four propositions of error in their appeal. First, Parents allege the court erred in granting the State's requested default termination for Parents' failure to appear for a pretrial hearing that had already been conducted and completed in absentia of the Parents. Second, Parents allege the trial court erred granting a default termination without a hearing to determine if there was clear and convincing evidence that termination was in the children's best interests. Third, Parents allege the trial court erred terminating parental rights, because Parents' failure to appear was the result of unavoidable misfortune. Finally, Parents allege the court erred in terminating parental rights during a discovery hearing, when Parents' termination hearing was not scheduled to occur until three weeks later.
12 Parents are alleged to be methamphetamine users whose drug usage resulted in the deprived status of their two children, E.J., born on August 28, 2010 and D.H., born on August 28, 2011. The State alleges Parents. have failed to correct their drug usage and filed a petition to terminate Parents' parental rights on February 13, 2018. The State filed an amended petition on October 7, 20183 and a second amended petition on December 17, 2018. A pretrial conference was scheduled on December 31, 2018 and a follow-up pretrial conference was set for January 7, 2014. The January 7th conference had been set to finalize discovery issues Parents' attorneys had raised with respect to obtaining a complete copy of the D.H.S. (Department of Human Services) file The trial on the termination petition was scheduled to occur on January 27, 2014.
T3 The January 7th follow-up pretrial conference began as scheduled, attorneys appeared on behalf of both Mother and Father to address the completion of discovery. However, neither Mother nor Father appeared at the January 7th pretrial, citing a cut in their electrical line that prevented their alarm clock from operating to awaken them for the pretrial conference. Due to Parents' failure to appear, State's counsel moved for a default termination at the January 7th proceeding. In response to the State's motion, the trial court found Parents' had been told to appear and had failed to do so, the court then said it would turn the January 7th pretrial into a "termination docket" and terminate the Parents' parental rights by consent. Without taking any testimony or evidence, the trial court also made a finding that termination was in the children's best interests, the parents had failed to correct the conditions leading to the children's deprived status and had not contributed to the children's support during their placement in foster care.
T4 The trial court remarked, and State's counsel agreed, Parents had been instructed at the December 31, 2018 pretrial conference to appear at the January 7, 2014 pretrial or lose their parental rights. Parents do not deny they were told to appear on January 7th. The December 31, 2018 transcript offers no indication Parents were instructed to appear on January 7th and the proceeding was adjourned without comment about Parents' need to appear at the follow-up pretrial. However, the court minute from December *1101 31st contains a handwritten interlineation at the bottom left corner of the page which states, "failure to appear will result in termination of parental rights[.]" The signatures of both parents appear at the bottom of the page on the opposite side from the handwritten interlineation.
4 5 The written order terminating Parents' parental rights was issued on February 19, 2014. Father sought a motion to vacate the termination order the next day and Mother joined in the motion to vacate on February 28, 2014. The trial court issued the appealed from order denying Parents' motions to vacate the termination of their parental rights on April 22, 2014. Parents appeal the denial of the motion to vacate.
16 The appellate court will review the trial court's denial of a motion to vacate a judgment for abuse of the trial court's discretion. In re J.C., 2010 OK CIV APP 138, ¶ 7, 244 P.3d 798, 795, citing Patel v. OMH Medical Center, Inc., 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. "Abuse occurs if the trial court exercises its discretion to an end or purpose' not justified by, and clearly against, reason and evidence, or if it errs with respect to a pure, unmixed question of law." In re J.C., 244 P.3d at 795 (citations omitted). Legal errors are reviewed under a de novo standard. In re W.A., 2004 OK CIV APP 50, ¶ 4, 91 P.3d 682, 683. "In passing upon a claim that the procedure used in a proceeding to terminate parental rights resulted in a denial of procedural due process, we review the issue de novo." In the Matter of A.M. & R.W., 2000 OK 82, ¶ 6, 13 P.3d 484, 487; see also In the Matter of T.J., 2012 OK CIV APP 86, ¶ 18, 286 P.3d 659, 664 (quoting Matter of A.M. & R.W.). "De novo review requires an independent, non-deferential re-examination of another tribunal's legal rulings." Matter of A.M. & R.W., 13 P.3d at 487.
T7 When the appellate court "reviews a trial court order refusing to vacate a default judgment, [the appellate court] will consider the following factors:
1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to. vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not.
Ferguson [Enter., Inc. v. H. Webb Enter., 2000 OK 78, ¶ 5], 13 P.3d at 482. We must also take into account 'whether substantial hardship would result from granting or refusing to grant the motion to vacate." Id." In re H.R.T., 2013 OK CIV APP 114, 115, - P.3d -.
T8 The trial court's order states notice of the January 7, 2014 hearing was given to Parents, "as well as the consequences due to their failure to appear, of what would occur." The order went on to say that "[dJue [plro-cess was observed{.] Both parties had notice and an opportunity to be heard and were not present. Notice is therefore not at issue." On appeal, Parents argue their fundamental liberty interest in parenting their children and the substantive due process rights to protect that interest were impermissibly taken from them when the trial court deprived them of due process protections and their right to trial, impermissibly turning a pretrial conference into a termination hearing.
19 Because parents have a constitutionally protected liberty interest in the legal bond with their children, we analyze a due process challenge to determine the procedural protections required before that bond can be broken. See In re A.M. & R.W., ¶¶ 8-9, 13 P.3d at 487 (applying the test enunciated in Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 902-03, 47 L.Ed.2d 18 (1976)). "In the context of a proceeding to terminate parental rights, the essence of procedural due process is a 'meaningful and fair opportunity to defend." Id. at ¶ 9, 13 P.3d at 487; State ex rel. A.W., 2011 OK CIV APP 27, 250 P.3d 343. The question in this case is whether the Parents' failure to appear at the January 7th pretrial proceeding provided the trial court with adequate grounds to grant the default termination order.
110 The Oklahoma Legislature has set forth specific notice requirements for a hearing to terminate parental rights, in order to *1102 protect the parent's due process right to a hearing prior to any deprivation of the fundamental right of a parent to the care, custody and control of his/her child.
A. 1. Prior to a hearing on the petition or motion for termination of parental rights, notice of the date, time, and place of the hearing and a copy of the petition or motion to terminate parental rights shall be served upon the parent who is the subject of the termination proceeding by personal delivery, by certified mail, or by publication as provided for in Section 1-4-304 of this title.
2. The notice shall contain the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO. THE TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD OR THESE CHILDREN. IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION OR MOTION ATTACHED TO THIS NOTICE."
3. Notice shall be served upon the parent not less than fifteen (15) calendar days prior to the hearing.
4. -Any actual notice of termination of parental rights shall state that the duty of the parent to support his or her minor child will not be terminated except for adoption as provided by paragraph 3 of subsection B of Section 1-4-906 of this title.
5. The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights.
10A 0.8. Supp.2009 § 1-4-905(A)(1)-(8).
T11 This case presents issues similar to those presented in In the Matter of H.R.T., 2013 OK CIV APP 114, in which the court examined whether the parents' appearance at several previous hearings, with an absence from a pretrial hearing date, provided adequate grounds for a default termination of the parents' parental rights The H.R.T. court found the pretrial absence did not provide grounds for termination, due in large part to the fact the parents' attorney was present and could have conducted the pretrial hearing to adequately represent the parents' interests and proceed to trial without delay. In re H.R.T., 2013 OK CIV APP 114, ¶¶ 17 and 23.
112 In the present case as in H.R.T., Parents had both appeared and failed to appear at previous court dates and Parents' attorneys were present at the January 7th pretrial hearing. The attorneys were in the process of addressing Parents' discovery requests upon D.H.S. when the court entertained the State's motion for termination by default. The trial court went on to state that, based on Parents' failure to appear, the court would treat the pretrial hearing as a termination docket. The court granted the State's default termination request and then made an additional finding of best interests of the children. The best interests finding appears from the record to be based on the State's representation, without the presentation of any evidence or testimony, that it would continue to seek termination and that Parents had failed to correct the conditions leading to the deprived status of the children.
¶ 13 Parents' attorneys repeatedly stressed the fact the pretrial was a discovery issues hearing date at which Parents' presence was not necessary to address discovery and the termination hearing was not scheduled for almost three more weeks. Parents' counsel also argued termination cases are civil cases and numerous civil cases are dealt with by counsel without the parties being present. And the short, handwritten seript at the bottom of the court minute stating "failure to appear would result in termination of paren *1103 tal rights" did not pass constitutional muster, given the fundamental right Mother and Father had to the parentage of their two children.
T 14 As outlined in Ferguson and discussed in HR.T., default judgments are disfavored. Parents in this case have not had an opportunity to present their case on the merits, judicial discretion should be exercised to promote justice, and a lesser showing of abuse of discretion is required when a judgment has not been set aside. As a result, we find that failure to appear at the pretrial hearing, when their attorneys were present and able to represent their interests and no delay in the proceedings would have been necessary, should not have resulted in a default judgment against Parents.
T15 In addition, the trial court's finding that termination of Parents' parental rights was in the children's best interests must also be reversed. This decision appears to be based on a brief statement or representation by State's counsel, and it cannot be determined from the record available what evidence the court based the ruling upon, since there were no exhibits or testimony in the record showing the State met its burden by clear and convincing evidence. The State should be given the opportunity to present its case by clear and convincing evidence and Parents should be given the opportunity to fully respond to and defend against the State's allegations. The pretrial should not have been summarily converted into a termination hearing.
116 As recounted in HR.T.,
'The integrity of the family unit and preservation of the parent-child relationship command the highest protection in our society. In re M.H., 2010 OK CIV APP 136, ¶ 12, 245 P.3d 1266, 1269. Because of the fundamental right which parents have in the custody of their children and the gravity of the sanction imposed by termination, there is no substitute to fully complying with all procedural safeguards" Id. Termination of a parent's 'parental rights is too serious to permit procedural shorteuts.' Id. at [¶] 13, 245 P.3d at 1269.
In the Matter of H.R.T., 2013 OK CIV APP 114, ¶ 22.
T 17 The only remaining issue in Parents' appeal brief is whether or not the court abused its discretion by finding no unavoidable casualty occurred when Parents' lost their electricity and their alarm elock did not sound to awaken them for the pretrial hearing. This is an inquiry in which the court considered the validity of Parents' excuse for missing the hearing at which their rights were terminated under 10A 0.8. Supp.2009 1-4-905(B). In the instant case, this provision should not have been utilized, because the court's termination order developed out of a pretrial hearing in violation of the Parents' due process. Whether the Parents had a permissible exeuse for missing the January Tth pretrial may be relevant in terms of any sanctions the trial court might have chosen to impose. However, terminating parental rights at the pretrial, where Parents' attorneys were present to conduct the scheduled business before the court and no delay in the trial schedule would have been necessary, marked a deprivation of Parents' due process; and inquiry into the reason for Parents' absence is not determinative of this due process question.
118 The trial court's denial of Parents' motion to vacate the default judgment terminating their parental rights constituted an abuse of discretion. The order of the trial court is REVERSED and this cause REMANDED.
HETHERINGTON, V.C.J., and BUETTNER, J., concur.