HONEYCUTT et al. v. SEVERIN.

*98 P. 2d 1093.*

No. 28626.   Feb. 6, 1940.

Emerick & Crawford, of Ada (Jack L. Langford and Charles Swindall, both of Oklahoma City, of counsel), for plaintiffs in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for defendant in error.

GIBSON, J.   This appeal is from a judgment permanently enjoining the enforcement of a prior judgment, vacating the latter and quashing summons served therein.

Plaintiffs in error will be referred to herein as defendants, and defendant in error as plaintiff.

In June, 1932, in an action in which defendants were interveners and plaintiff was a defendant, default judgment was rendered against plaintiff.

In February, 1937, plaintiff filed his petition in equity to vacate said judgment on the ground that summons in that action served upon plaintiff's adult sister at his place of residence did not confer jurisdiction of his person because she was not a member of his family as recited by the summons return; and that he had no knowledge of the pendency of the cause or the rendition of said judgment until January, 1937.

As a part of his petition, in defense to the original action, plaintiff alleged, in substance, that he had no business transactions in connection with the leasehold involved, that he did not participate in the development of the lease, nor create or authorize any indebtedness in such connection, and that he was not indebted as charged. Defendants' answer in substance denies plaintiff's allegations.

On hearing upon the petition to vacate, it was stipulated that the evidence introduced on the hearing on a denied motion to vacate, and which matter consisted of the verified motion with affidavits attached and the testimony of plaintiff as to his non-service, and that of other witnesses to the effect that the party served was not a member of plaintiff's family, should be considered on the hearing on the petition to vacate. Judgment for plaintiff was thereupon rendered in May, 1937, and defendants have appealed.

Defendants contend the vacation of the judgment erroneous for failure of plaintiff to prove a meritorious defense to the action upon which the judgment sought to be vacated was rendered.

Plaintiff, not denying the necessity of showing a meritorious defense, and responding to defendants' contention, asserts that his verified petition with its affidavits is such sufficient showing of his alleged defense as to entitle him to the relief sought.

The judgment here sought to be vacated is valid on its face, and for want of jurisdiction of the person of the defendant may be attacked in only two ways: By proceeding under sections 556 (3) and 563, O. S. 1931, 12 Okla. Stat. Ann. §§ 1031 (3), 1038, within three years from rendition of the judgment; after the expiration of three years, a judgment, valid on its face, can be attacked only under the general jurisdiction of equity. Weimer v. Augustana, etc., 179 Okla. 572, 67 P. 2d 436, 439; Caraway v. Overholser, 182 Okla. 357, 77 P. 2d 688; Pettis v. Johnston, 78 Okla. 277, 190 P. 681, syls. 7, 13, 14, 15. The instant cause is treated by both parties as one seeking equitable relief.

In the early case of Hockaday v. Jones, 8 Okla. 156, 56 P. 1054, in a suit to vacate and enjoin the enforcement of a personal judgment rendered on service by publication, where, contrary to the affidavit for publication service, the defendant was a resident, this court, citing numerous authorities, declared that while the judgment is void for want of jurisdiction of the defendant, it does not necessarily follow that the latter is entitled to a decree annulling it, that equity will not do a useless thing, and that it would serve no useful purpose to set aside the judgment for want of jurisdiction if the party asking this had no defense to the action upon which it was based, and that it is not enough that the judgment assailed be unlawful, it must be against conscience as well; that the great weight of authority upon reason and principle establish the correct doctrine that the party invoking the powers of a court of equity to annul a judgment of a court on the ground of want of jurisdiction in the court to render judgment must, in addition to alleging and proving such want of jurisdiction, also allege and prove, among other things, that he has a meritorious defense to the action. See, also, Pettis v. Johnston, supra.

The weight of authority is to the effect that a showing that defendant has, or at the time of judgment had, a meritorious defense, is none the less necessary because the judgment may have been obtained without service of summons or on a false return of service, especially where the lack of jurisdiction does not appear on the face of the record. 34 C. J. 442, §§ 695, 696; 15 R.C.L. 737, § 191, and many cases cited thereunder.

In cases of equitable cognizance this court will examine the entire record to determine whether the findings and judgment are sustained thereby. Jacobs v. American Bank & Trust Co., 180 Okla. 225, 68 P. 2d 801; McLaughlin v. Nettleton, 69 Okla. 74, 183 P. 416.

The record discloses that the proof made in support of plaintiff's petition was limited to such as tended to prove defective service of summons. No evidence is shown going to plaintiff's alleged defense to the action. To the contrary, it appears that the attempted inquiry by defendants' counsel as to the possible merits of plaintiff's defense was successfully resisted.

Plaintiff's verified petition cannot be treated as proof of its allegations.

The use of affidavits as provided by section 719, O. S. 1931, 12 Okla. Stat. Ann. § 1393, does not relate to such use in connection with hearings for permanent injunctions. The use of ex parte affidavits for certain purposes does not permit their use as evidence as to controverted facts material to the issues. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476.

Plaintiff urges that to permit the court to inquire as to the matter of defense would result in a determination that would be res judicata thereon. We are unable to agree with this view. After determining that the ground of the application is sufficient, in order to determine the validity of the defense, the court is not to try and decide upon the facts set up by way of defense, or whether the defense will ultimately prevail, but only to inquire whether it is meritorious, interposed in good faith, and prima facie sufficient to defeat the action or some part thereof, and such as ought to be tried. 34 C. J. 375, § 583; 494, § 779; 497, § 784.

The consideration of the further and dependent contentions made is unnecessary.

The judgment is reversed and remanded, with directions to vacate the appealed judgment, and to permit plaintiff to present proof of his defense to the original action, with right of cross-examination to defendants, and of their presenting countervailing evidence, and for proceedings thereafter not inconsistent herewith.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., dissents.