1997 OK 70

FARM CREDIT BANK OF WICHITA, a Federally chartered Corp., Plaintiff,

v.

Edith TRENT, Trent Capital Company, an Okl. Ltd. Ptnrshp., Defendant/Cross–Plaintiffs/Appellees,

v.

SADLER FARM ENTERPRISES, INC., an Oklahoma Corporation; James Blakley; Gayle Blakley; C.J. Cordell; Betty A. Cordell, Defendants/Cross–Defendants, Appellants,

and

Jerry Sebring dba Sebring Realty; Lucy Harper, Treasurer of Bryan County, Oklahoma; Board of County Commissioners of Bryan County, Oklahoma; Richard Lillard, Treasurer of Atoka County, Oklahoma; and Board of County Commissioners of Atoka County, Oklahoma, Defendants.

No. 84846.

Supreme Court of Oklahoma.

May 27, 1997.

D. Michael Hisey, Ardmore, for Appellants.

Dan Little, Little, Little, Little, Windel & Coppedge, Madill, for Appellees.

SIMMS, Justice:

¶1 Appellants Sadler Farms, Inc., an Oklahoma Corporation, James Blakley, Gayle Blakley, C.J. Cordell, and Betty A. Cordell appeal the ruling of the trial court which denied their motion to vacate a default judgment rendered against them some two years previously.

¶2 The Court of Civil Appeals, Div. IV, reversed the judgment of the trial court with directions to vacate the default judgment and afford the parties a trial on the merits. We have previously granted certiorari. The opinion of the Court of Appeals is vacated, and the order of the trial court denying the motion to vacate judgment is affirmed.

I.

¶3 Edith Trent and Trent Capital Company, an Oklahoma limited Partnership, (Trents), defendant/cross appellant, sold an eighteen-hundred acre ranch to Sadler Farm Enterprises, Inc., an Oklahoma Corporation, (SFE) owned by James Blakley, Gayle Blakley, C.J. Cordell, and Betty Cordell. In order to finance the purchase, SFE executed a note and first mortgage in favor of Farm Credit Bank of Wichita (FCB), and a note and second mortgage in favor of Trents.

¶4 When SFE and its officers defaulted on the first note and mortgage, FCB sued on the note and to foreclose their mortgage. Named as defendants in the foreclosure suit were SFE, the Blakley, the Cordells, the Trents as second mortgage holders, and others who had an interest in the property.

¶5 SFE and its officers, the Blakley and the Cordells appeared by counsel and filed a motion for additional time to respond to the bank's foreclosure proceedings and motion for summary judgment. SFE later withdrew their motions, permitting the bank to take a default judgment. The first mortgage was foreclosed, generating sufficient monies to discharge the first mortgage and satisfy a portion of the second mortgage.

¶6 In the interim, the Trents had filed an Answer and Cross–Petition against SFE praying for judgment and foreclosure on their note and second mortgage. Service was had by serving the attorney for SFE and its officers. When the attorney for SFE approved the Journal Entry adjudicating Bank's claim against SFE, the journal entry specifically recited that all issues raised by the Cross–Petition filed by the Trents against SFE were "reserved" for future determination. The attorney of record for SFE and its officers was then permitted by the Court to withdraw from the case.

¶7 Approximately five (5) days after the judgment in favor of the Bank was filed of record, the Trents filed a motion for summary judgment, with affidavit attached, on their cross-petition against SFE on the note and second mortgage. The motion was styled "FARM CREDIT BANK OF WICHITA, a federally chartered Corporation, Plaintiff vs. SADLER FARM ENTERPRISES, INC., et al, Defendants."

¶8 However, according to the record, the motion and affidavit was mailed to the individual officers and stockholders of SFE.

¶9 Thereafter, SFE, the Oklahoma corporation, was adjudged to be in default for failure to answer Trent's cross-petition and

to respond to Trent's motion for summary judgment. Default judgment was then entered in favor of Trents and against SFE. The journal entry of judgment recited that the judgment was entered without prejudice to adding the corporate officers as defendants on the cross-petition, as well as adding Sadler Farms Enterprise, Inc., a Texas Corporation, which was a signatory on the second mortgage and note.

¶ 10　Approximately one month later, the Trents mailed to each of SFE's corporate officers an Amended Cross–Petition against the individual officers, claiming that the corporation was a sham because of commingling of funds and assets, and failure to observe corporate protocol. Attached to the Amended Cross–Petition was a certificate of mailing to each party defendant on the cross-petition.

¶ 11　Some two months later, the Trents mailed a Motion for Default Judgment on the Amended Cross–Petition as to each party defendant named in the Amended Cross–Petition. However, the officers of SFE filed no response to either the Trent's Cross–Petition, Motion for Summary Judgment, Amended Cross–Petition, or Motion for Default Judgment. The trial court then entered default judgment in favor of the Trents, which established liability of the SFE, and its officers on the note secured by the second mortgage. The Journal Entry of Judgment was filed of record December 1, 1992.

¶ 12　The following May, SFE and its corporate officers filed a Motion to Vacate the December Judgment, but, over objections of the Trents, withdrew the motion to vacate on a showing the corporations had been suspended from doing business in Oklahoma for non-payment of taxes, and had not been reinstated. In fact, the record in this case does not indicate the corporation was ever reinstated to do business in Oklahoma.

¶ 13　Approximately a year later, the corporation refiled their motion to vacate the default judgment, supported by affidavits. In the affidavits, it was averred they were never notified of the Amended Cross–Petition, or Motion for Default Judgment, and they never received copies that were mailed to them. They also alleged that (1) the judgment against them was obtained through irregularity and by fraud on the part of the Trents, (2) that the judgments were void on the face of the judgment roll for failure to show notice and, therefore, the district court was without jurisdiction to enter judgment against them.

¶ 14　When the Motions to Vacate came on for hearing, the individual corporate officers failed to personally appear, however, their new attorney offered no evidence in support of their claims of lack of notice, fraud, and the irregularities, allegedly employed by the Trents in obtaining the default judgment against them. Counsel presented only oral argument.

¶ 15　The trial court denied the Motions to Vacate for failure of any proof, and adjudged that SFE and its corporate officers (1) received reasonable notice prior to the rendition of default judgment, (2) failed to prove factual grounds to vacate the judgment, (3) failed to act diligently, and (4) were guilty of laches.

¶ 16　The Court of Civil Appeals reversed the order refusing to vacate the judgment, and remanded the cause on the grounds that the Amended Cross–Petition constituted a new and distinct claim, which the Trents should have served with summons, and therefore the notice to SFE and its officers was insufficient. Certiorari has been granted. Opinion of the Court of Civil Appeals is vacated and the judgment of the trial court if affirmed.

## II.

 ¶ 17　The corporate defendant and its officers, through their attorney, had made a general appearance in the action in which they were named defendants. The Trents, as second-mortgage holders, were named co-defendants. Thus, SFE and the corporate officers, by entering a general appearance submitted themselves to the jurisdiction of the court. *Stephenson v. Hammons,* 308 P.2d 317, 318 (1957). Having made a general appearance and submitting to the court's jurisdiction, the corporation as well as its officers, became subject to a cross-petition by the Trents and it is not material that the

Trents amended their Cross–Petition. Tit. 12 O.S.1991 § 2013(G) provides:

"A pleading may state as a cross-claim any claim by one party against any party who is not an opposing party arising out of the transaction or occurrence that is the subject matter either of the original action or of a claim therein or relating to any property that is the subject matter of the original action. A cross-claim may assert a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

¶ 18 Applying the provisions of this statute, we note that in the original foreclosure action, the Trents, the corporation and its officers were co-defendants, not opposing parties. The original action concerned real property in which all parties defendant had an interest. Moreover, 12 O.S.1991 § 2005 provides that "every pleading, *subsequent to the original petition,* unless the court otherwise orders ... shall be served upon each of the parties" This statute further reads:

"SERVICE: HOW MADE ... Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last-known address, or, if no address is known, by leaving it with the clerk of the court."

The Trents, subsequent to the original petition, cross-petitioned and served the corporation, its officers, and their attorney as shown by a certificate of mailing. No witness testified to the contrary, and there was no competent evidence to refute the recitation in the Journal Entry that the corporation and its individual officers were properly served with reasonable notice.

¶ 19 The corporate defendant and its officers attempted to controvert proper notice by *ex parte* affidavits. For almost half a century, this Court has held that ex parte affidavits are not competent evidence as proof of controverted facts material to the issues. In *Honeycutt et al v. Severin,* 186 Okla. 509, 98 P.2d 1093 (1940) this Court addressed an issue in which a party filed a verified petition with affidavits and argued that these were a sufficient showing to prove defective service of summons, therefore, a judgment was void for lack of in-personam jurisdiction. *Honeycutt* holds that a verified petition cannot be treated as proof of such allegations, and that ex parte affidavits, which are not subject to cross-examination, do not constitute competent evidence in an action to vacate a judgment, to establish the truth of the matter asserted, nor are they competent evidence to establish allegations of a meritorious defense to the original action.

¶ 20 In this case, the corporate officers maintain the trial court lacked *in personam* jurisdiction over them because they did not receive notice, yet no evidence was presented to support these contentions or negate the certificates of mailing attached to each pleading and motion. The Journal Entry of Judgment which is sought to be vacated recites these parties had reasonable notice of the cross-petition, amended cross-petition, motion for summary judgment, and motion for default judgment. Thus, the judgment roll controls, and the trial court had in personam jurisdiction of the corporation and its officers.

III.

¶ 21 The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is whether the trial court abused its discretion. In *Hassell v. Texaco, Inc.* 372 P.2d 233, 235 (Okl.1962) this court held:

"An application to vacate a judgment is addressed to the sound legal discretion of the trial court, and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court abused its discretion."

*Accord: Schepp v. Hess,* 770 P.2d 34, 39 (Okl.1989). In determining whether a trial court has abused its discretion on an application to vacate a default judgment, this Court has repeatedly held that a default judgment is void if the face of the judgment roll shows that the court did not have jurisdiction over either the parties, the subject matter, or the power to pronounce the particular decision which was rendered. *Bailey v. Campbell,* 862 P.2d 461, 469–470 (Okl.1991).

¶ 22 In *Davidson v. Gregory,* 780 P.2d 679, 683 (Okl.1989), this Court recognized that a party seeking to vacate a default judgment, based on an alleged lack of notice, had the burden of proving by clear, cogent, and convincing evidence that the judgment is subject to vacation. We conclude from an examination of the record, the corporation and/or its officers did not meet this burden.

¶ 23 Therefore, the opinion of the Court of Civil Appeals is vacated. The judgment of the trial court refusing to vacate the default judgment is affirmed.

SUMMERS, V.C.J., and LAVENDER, SIMMS, ALMA WILSON and WATT, JJ., concur.

KAUGER, C.J., and HODGES and HARGRAVE, JJ., dissent.