2000 OK 78

**FERGUSON ENTERPRISES, INC., a corporation, Plaintiff/Appellee,**

v.

**H. WEBB ENTERPRISES, INC., a corporation, Defendant/Appellant.**

No. 91,764.

Supreme Court of Oklahoma.

Oct. 10, 2000.

Edward O. Lee, Edward O. Lee, P.C., Edmond, OK, for Plaintiff/Appellee.

Bart A. Boren, Williams, Boren & Associates, P.C., Oklahoma City, OK, for Defendant/Appellant.

HARGRAVE, Vice Chief Justice:

¶ 1 Plaintiff sued the defendant to collect on an open account. Service of process was sent by certified mail to defendant's principal office out of state. The return receipt was returned marked "Refused." Thirteen days later, plaintiff mailed interrogatories and request for admissions to defendant, with responses due June 5, 1998. On May 22, 1998, default judgment was entered against the defendant.

¶ 2 On June 5, 1998, defendant filed a motion to vacate the default judgment asserting several factual grounds as well as a statutory defense under 12 O.S. Supp.1998 § 2004(C)(2)(c).[1] Defendant attached an affidavit to its motion, stating that the certified mail was refused by an unauthorized person. The affidavit stated that only the president of the company is authorized to receive service by certified mail, that he did not refuse service in this case, and that the service must have been refused by an unauthorized person. The defendant only became aware of the action upon receipt of the interrogatories and request for admissions, the responses to which were due June 5, 1998.[2]

¶ 3 The trial court denied defendant's motion to vacate the default judgment and the defendant appealed. The defendant made three arguments on appeal: 1) that no return of service was shown in the record; 2) that plaintiff failed to comply with 12 O.S. § 2004(C)(2)(c) because plaintiff did not show that a notice of intention to seek default judgment was mailed to the defendant, along

1. The vacation of judgments within thirty days of their rendering must be for the reasons set out in 12 O.S. § 1031, and a petitioner must comply with section 1031.1(B). Section 1031(2) provides that the district court shall have power to vacate or modify its own judgments as authorized in subsection C of section 2004 of title 12, where the defendant had no actual notice of the pendency of the action at the time of filing the judgment. The proper procedure within thirty days of rendering of the default judgment is by filing a motion to vacate. Vacation of a judgment on the grounds of lack of actual notice may be sought more than thirty days after a judgment has been filed by filing a petition, verified by affidavit, setting forth the judgment, the grounds to vacate it and the defense to the action.

2. As further excuse, defendant alleged that an action filed by plaintiff in federal court based upon the same dispute was still pending and that plaintiff had amended its complaint in the federal court case on May 5, 1998, which led defendant to believe that this constituted an abandonment of the state court case. Defendant filed an answer and counterclaim in the federal case. The plaintiff alleges that the federal court case does not involve the same dispute.

with a copy of the summons and petition; and 3) that the statute provides that a default judgment shall be vacated on a showing by the defendant that service was refused by an unauthorized person.

¶ 4 The Court of Civil Appeals found that the plaintiff had substantially complied with the statute and that the trial court had not abused its discretion in refusing to vacate the default judgment. The defendant/appellant's petition for certiorari was granted.

¶ 5 The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. *Hassell v. Texaco, Inc.*, 1962 OK 136, 372 P.2d 233. A default judgment is void if the court did not have jurisdiction over the parties. In previous cases reviewing a trial court's ruling either vacating or refusing to vacate a default judgment, we have considered the following: 1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not. See, *Midkiff v. Luckey*, 1966 OK 49, 412 P.2d 175. We also consider whether substantial hardship would result from granting or refusing to grant the motion to vacate. See, *Burroughs v. Bob Martin Corporation*, 1975 OK 80, 536 P.2d 339, *Hamburger v. Fry*, 1958 OK 287, 338 P.2d 1088 and *Latson v. Eaton*, 1957 OK 105, 311 P.2d 231.

¶ 6 The plaintiff's motion for default judgment does not appear in the record. The Journal Entry of Default Judgment, dated May 15, 1998, recites that plaintiff attempted to serve the defendant by certified mail, which was delivered to the defendant's principal office and there refused on April 7, 1998. The court found that no answer or other responsive pleading had been filed by the defendant and that the time for filing an answer or other responsive pleading by the defendant had expired. The court did not make a finding that the statute had been complied with or that it had jurisdiction over the person of the defendant.

¶ 7 The defendant's June 5, 1998 motion to vacate the default judgment stated that defendant became aware of the action upon receipt of plaintiff's first set of interrogatories and request for admissions, the response to which was not due until June 5, 1998.[3] Defendant stated that these documents were forwarded to counsel, to begin preparing a response to the complaint in the action, and that neither Webb nor counsel were aware of the attempted service of process. Defendant also stated its belief that plaintiff's action in state court had been abandoned when the complaint in the federal action was amended.[4] Defendant filed an answer to plaintiff's amended complaint in the federal action.

¶ 8 There is no transcript of the hearing on the motion to vacate the default judgment in the record. The order denying defendant's motion to vacate default judgment recites that the motion came on for hearing on July 24, 1998 and that plaintiff and defendant each appeared by counsel. The trial court denied the motion to vacate, stating that "upon examination of the record in this case, upon examination of the motion to vacate default judgment, including the affidavit of Howard E. Webb, president of H. Webb Enterprises, Inc. and upon considering arguments of counsel, the Court determines that the findings in the Journal Entry of Default Judgment ... and the record herein, are sufficient to support the entry of judgment by default."

¶ 9 Title 12 O.S. § 2004(C)(2)(c) states the procedure to be followed for taking default judgment after service of process has been refused. Upon notice of refusal of pro-

---

**3.** Defendant also stated that, in Kentucky, where they are located, service of process by mail bears a return address of the court, and service is transmitted by the Secretary of State. The certified mail in the instant case bore the return address of plaintiff's attorney. Accordingly, the recipient of the certified mail in defendant's office did not forward the mail to an authorized agent and refused to accept it.

**4.** See footnote 2.

cess, the plaintiff has ten days in which to send to the defendant a copy of the summons and petition along with notification that, despite refusal of process, the case will proceed and default judgment will be rendered unless the defendant appears to defend the suit. See, *VanNort v. Davis*, 800 P.2d 1082 (Okl. App.1990). The record in the case at bar does not show compliance with the statute. The record reflects only an "Amended Notice" filed July 24, 1998 and mailed to the defendant on the same date, some two months *after* default judgment had been entered.

¶ 10 Title 12 O.S. § 2004(C)(2)(c) provides that any default judgment *shall be set aside* upon motion of the defendant if the defendant demonstrates to the court that delivery was refused by an unauthorized person. In the case at bar, the defendant's motion for default judgment raised that issue, among other reasons, for vacating the default judgment.[5] The plaintiffs did not file a return of service, and the record reflects only that the return receipt was returned marked "Refused."

 ¶ 11 If the record does not reflect that personal service has been made on the defendant, the court lacks in personam jurisdiction over the defendant and any default judgment rendered thereon is void and subject to vacation. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). In *Peralta,* a guarantor was sued to collect a debt incurred by one of his employees. Personal service was made, but was untimely. When guarantor did not appear, default judgment was taken. Almost two years later the guarantor sought to set aside the default judgment by filing a bill of review in the Texas courts, alleging that the return of service showed defective service and that he had not been personally served or notified of the entry of default judgment and sale of his property. Texas law required the petitioner to have a meritorious defense to the action in order to proceed by bill of review. The plaintiff argued that no grounds existed for vacating the default judgment because it was undisputed that the guarantor had no meritorious defense to the action.

¶ 12 Citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the U.S. Supreme Court determined that it was a violation of guarantor's due process rights to take default judgment against him and sell his property at sheriff's sale when he had not been personally served. The Court noted that the guarantor would have had various options open to him, such as impleading the employee whose debt he had guaranteed, or selling the property himself. In *Peralta* the return showed personal, but untimely, service. That is, the defendant was personally served, but service was made out of time. Thus, although the defendant had actual notice of the lawsuit, he did not have actual notice that default judgment was being sought against him.

¶ 13 In *Graff v. Kelly*, 814 P.2d 489, 495 (Okla.1991), we held that leaving a copy of a summons at a defendant's place of business with a person who was not the defendant's agent was insufficient to confer personal jurisdiction over the defendant. The face of the return of process did not show that the defendant had been properly served where it reflected only that service was made on a receptionist in the defendant's office. The receptionist was not an authorized agent for service of process on the doctor, so the record before the court showed only that default judgment was rendered without service of process having been properly made upon the defendant. We held that the trial court lacked in personam jurisdiction over the defendant and that the judgment was void on its face. In the case at bar, the record does not show personal service, or that the statutory procedure for obtaining a default judgment was followed.

 ¶ 14 We said in *Burroughs v. Bob Martin Corporation*, 1975 OK 80, 536 P.2d

---

5. The Court of Civil Appeals refused to consider the affidavit submitted by defendant's president, because they interpreted *Farm Credit Bank of Wichita v. Trent,* 1997 OK 70, 943 P.2d 588, to mean than an *ex parte* affidavit must be disregarded by the court. In *Trent,* we held that the judgment roll controlled and that no evidence was presented to negate the certificates of mailing attached to the pleadings and motions. In that case, the motion to vacate was filed more than two years after default judgment was entered.

339, 341, that this Court always has emphasized the discretion vested in the trial judge to vacate default judgments where justice would better be served by permitting a litigant to have his "day in court." We said that this Court has "on occasion been more impressed with the need to grant relief to a defaulting litigant than the lower court believed the party deserved." In *Latson v. Eaton*, 1957 OK 105 ¶ 5, 311 P.2d 231, we said:

"In cases like the present one, where the motion to vacate is seasonably filed after the default judgment, and, as far as the record shows, no rights of strangers to the action have intervened, and the motion to vacate could well be granted without substantial delay or injustice, and denial of the motion may work a serious injustice, such denial constitutes an abuse of discretion and should, under the previous decisions of this court, be reversed on appeal. [citation omitted]"

¶ 15 We have reviewed the arguments made in the briefs and the record before us, and find that the default judgment should have been set aside. The judgment roll does not reflect that the defendant was personally served, or that the statutory procedure for taking a default judgment after attempted service by certified mail is returned "refused" was complied with. The record shows that an amended notice of intent to take default judgment was filed *after* the default judgment was entered. The defendant's motion to vacate was filed within thirty days of the date the default judgment was entered and before the response time had run for the interrogatories. Statutory law and federal law dictate that a defendant must be given notice in order to meet the requirements of due process. Here, there was no service shown as service was refused by an allegedly unauthorized person. Based upon the record presented, we find that the trial court abused its discretion by refusing to vacate the default judgment.

CERTIORARI PREVIOUSLY GRANTED; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; CAUSE REVERSED AND REMANDED.

¶ 16 SUMMERS, C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 17 WATT, J., dissents.