ASSET ACCEPTANCE v. PHAM



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ASSET ACCEPTANCE v. PHAM

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ASSET ACCEPTANCE v. PHAM
2018 OK CIV APP 26
415 P.3d 47
Case Number: 113823
Decided: 07/07/2016
Mandate Issued: 04/11/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 26, 415 P.3d 47

 



ASSET ACCEPTANCE LLC, Plaintiff/Appellee,
v.
HUNG T. PHAM and HOA V. TO, Defendants/Appellants.





APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA


HONORABLE STEVE STICE, TRIAL JUDGE





REVERSED AND REMANDED FOR FURTHER PROCEEDINGS





Tracy Cotts Reed, Keith A. Daniels, LOVE, BEAL & NIXON, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant


Daniel J. Gamino, DANIEL J. GAMINO & ASSOCIATES, P.C., Oklahoma City, Oklahoma, for Defendants/Appellants







JANE P. WISEMAN, PRESIDING JUDGE:



¶1 Defendants Hung T. Pham and Hoa V. To appeal the trial court's denial of their petition to vacate default judgment. After review, we find the trial court erred when it refused to vacate the default judgment. Accordingly, we reverse the decision of the trial court and remand for further proceedings.[1]


 


FACTS AND PROCEDURAL HISTORY


 


¶2 This appeal arises from a collection action. In April 2009, Defendants purchased a home entertainment center from Hoffmans Furniture in Moore, Oklahoma, using a Wells Fargo Financial National Bank/Marquis Furniture, Inc., credit card account.[2] The total cost of the entertainment center, including the delivery fee, was $2,999.98. Defendants made their "last payment" to Wells Fargo Financial National Bank (Wells Fargo) for the entertainment center in April 2010 when the payoff was $1,894.98. Defendants, however, paid only $1,649.98, intentionally deducting $245 from the payoff for the cost of repairing damages allegedly caused by the delivery person and for loss of use. The remaining balance on the account was later assigned to Plaintiff Asset Acceptance LLC.[3]


 


¶3 Asset Acceptance LLC filed a petition for indebtedness against Defendants on January 27, 2012, alleging that Defendants had defaulted on their Wells Fargo Financial National Bank/Marquis Furniture, Inc., credit card account and owed $1,325.47, plus interest, court costs, and a reasonable attorney fee. It appears Defendants were served with the petition for indebtedness and a summons on March 1, 2012.[4] Each summons contained the following language:


 

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the office of the court clerk of CLEVELAND County[,] located at, District Court of Cleveland County 200 South Peters Avenue, Norman, OK 73069-6070, within thirty-five (35) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Failure to respond, in writing, within thirty-five (35) days, will result in default judgment being entered against you.



No request will be made to the Court for a Judgment in this case until the expiration of 35 days after your receipt of this Petition and Summons. If you dispute the debt and/or request the name and address of the original creditor in writing within the 35-day period that begins with the receipt of the Petition and Summons, all collection efforts, including our proceeding with this lawsuit, will cease until we respond as required by law. 



(Emphasis in original.) Defendants did not enter an appearance or file any answer, motion, pleading or written response in the case. However, on March 30, 2012, they sent Plaintiff via certified mail/return receipt requested a letter disputing the debt and enclosing prior relevant correspondence with Wells Fargo. Plaintiff's counsel's response letter dated April 10, 2012, provided the name of the current creditor, the name and address of the original creditor, Defendants' account number, the date the account was placed with Plaintiff's counsel for collection, and the principal balance claimed to be owed. The April 10 letter in closing stated: "This information is provided in response to your request for debt validation. We will proceed with this matter. If you would like to discuss settlement options, please advise." Defendants responded by letter dated May 1, 2012, emphasizing that the debt was still disputed and expressing concern regarding the figures provided by Plaintiff's counsel. Plaintiff did not respond to this letter, and communication between the parties then apparently ceased.


¶4 The trial court granted default judgment by journal entry of judgment filed October 29, 2012. In its separate certificate of mailing, Plaintiff stated it sent a copy of the judgment to Defendants by first class U.S. mail, postage prepaid, on November 8, 2012.


¶5 In mid-January 2014, Plaintiff began garnishing Defendant Pham's wages to satisfy the default judgment. Pham filed a claim for exemption and a request for hearing in connection with the garnishment, contending that his wages were exempt from garnishment because the debt had already been paid. At the claim for exemption hearing, the trial court took the matter under advisement and stayed the garnishment. No further action was taken until July 2014, when the trial court filed an order setting a second claim for exemption hearing on August 20, 2014.


¶6 Following the hearing, Defendants, on August 28, 2014, filed a petition to vacate the default judgment pursuant to 12 O.S. § 1031(4), (7), and (9). Defendants also on that day filed an answer and counterclaim, in which they denied Plaintiff's claims, asserted affirmative defenses, and alleged that Plaintiff was liable under the Oklahoma Consumer Protection Act and under the Fair Debt Collection Practices Act.[5]


 


¶7 In response, Plaintiff filed a motion to dismiss the petition to vacate and a motion to strike the answer and counterclaim. Attached to the motion to dismiss as an exhibit was a copy of the certificate of mailing filed in the case on November 9, 2012, showing Plaintiff mailed a copy of the judgment to each Defendant on November 8, 2012. Plaintiff argued that dismissal was proper because: (1) Defendants failed to have summons issued and served in conjunction with the petition to vacate as required by 12 O.S. § 1033; (2) Defendants' proceeding to vacate under 12 O.S. § 1031(9) was barred by the applicable one-year statute of limitations; (3) Defendants' petition failed "to provide facts to support an allegation of fraud in obtaining judgment" as required by 12 O.S. § 1031(4); and (4) Defendants had not "shown any 'unavoidable casualty or misfortune, preventing the party from prosecuting or defending' their interests, in conformity with 12 O.S. § 1031(7)." Plaintiff moved to strike Defendants' answer and counterclaim because such a filing '"after the time permitted by the Oklahoma Pleading Code and without leave of court is a nullity, having no procedural effect.'" Durant Civic Foundation v. The Grand Lodge of Oklahoma of the Independent Order of Odd Fellows, 2008 OK CIV APP 54, ¶ 8, 191 P.3d 612.


 


¶8 Defendants filed an objection to the motion to dismiss maintaining they had complied with the requirements of 12 O.S.2011 § 1033 and attaching original returns of summons as proof.[6] They also contended that the default judgment should be vacated pursuant to 12 O.S.2011 § 1031(4) and (7) because Plaintiff's counsel did not disclose "to the Court any of the contemporaneous correspondence received from the Defendants" or "advise[ ] Defendants of the setting for default judgment or provide[ ] Defendants with any advance notice thereof."


¶9 The trial court subsequently heard oral arguments. By order filed November 12, 2014, the trial court granted Defendants thirty days to brief the issues raised and Plaintiff the option to respond within 15 days thereafter. Defendants complied on December 9, 2014, arguing that the trial court should vacate the default judgment because "opposing counsel obtained the default judgment by failing to inform the Court of [Defendant] Pham's [correspondence with] opposing counsel" in violation of Rule 3.3 of the Rules of Professional Conduct. Plaintiff filed a brief in response to Defendants' petition to vacate on December 18, 2014, asserting that "judgment was entered properly . . . and no basis exist[ed] for vacating that judgment."


¶10 The trial court entered its order on March 16, 2015, denying Defendants' petition to vacate the default judgment. The court emphasized, "That the Defendants have not shown any grounds under 12 O.S.2011, § 1031 whereby [the] Court should and can vacate this judgment." The court further specifically found no fraud on the part of Plaintiff.


¶11 Defendants appeal the trial court's March 16, 2015, ruling.


STANDARD OF REVIEW


¶12 We generally review a trial court's decision to vacate or refuse to vacate a judgment under an abuse of discretion standard. Farm Credit Bank of Wichita v. Trent, 1997 OK 70, ¶ 21, 943 P.2d 588. However, in Schweigert v. Schweigert, 2015 OK 20, ¶ 7, 348 P.3d 696, the Supreme Court instructed:

Although this Court reviews a district court's denial of a motion to vacate for abuse of discretion, the order denying a motion to vacate, like a motion for a new trial, will be reversed if the district court erred with respect to an unmixed question of law. Jones, Givens, Gotcher & Bogan, P.C. v. Berger, 2002 OK 31, ¶ 5, 46 P.3d 698, 701. The district court's construction and application of Rule 10 to the undisputed facts before it presents a pure question of law subject to de novo review. Id.


And, when the trial court's decision to vacate or refuse to vacate involves a default judgment, we also consider the following:




(1) default judgments are [dis]favored; (2) vacation of a default judgment is different from vacation of a judgment where the parties have had . . . an opportunity to be heard on the merits; (3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; (4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not.




Horowitz v. Alliance Home Health, Inc., 2001 OK 45, ¶ 9, 32 P.3d 825 (quoting Ferguson Enters. Inc. v. Webb Enters. Inc., 2000 OK 78, ¶ 5, 13 P.3d 480).


ANALYSIS


¶13 We conclude it was error not to vacate the default judgment because no default judgment should have been granted when Plaintiff failed to inform Defendants of the motion for default judgment. In denying Defendants' petition to vacate the judgment, the trial court cited Oklahoma District Court Rule 10, finding that although Defendants disputed the debt, they had not filed an answer and were therefore not entitled to notice of the hearing on the motion for default judgment. The court concluded Defendants had not shown any grounds authorizing the vacating of the judgment pursuant to 12 O.S.2011 § 1031. We conclude the trial court erred in its analysis of Rule 10.


¶14 Rule 10 provided in relevant part at the time of this default judgment:

In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days' notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither.

Notice of taking default is not required where the defaulting party has not made an appearance. . . .


Oklahoma District Court Rule 10, 12 O.S.2011, ch. 2, app.


¶15 Plaintiff used the statutory summons form but modified it to include the following language: "If you dispute the debt . . . in writing within the 35-day period . . . all collection efforts, including our proceeding with this lawsuit, will cease until we respond as required by law." Defendants disputed the debt in their March 30, 2012, correspondence to Plaintiff's counsel claiming they had borrowed $2,999.98 to purchase an entertainment center. That cost included a fee charged by the seller for delivery and installation. The letter stated that they had paid all but $245 of the amount borrowed and that the difference was withheld to cover the cost of the damage to the entertainment center when it was delivered and installed by the seller's agents and the loss of use. Defendants had consistently and on several prior occasions explained the basis for their dispute to the seller and the original lender. Copies of correspondence documenting Defendants' communications with the seller and lender were attached to Defendants' letter.


¶16 On April 10, 2012, Plaintiff's counsel responded claiming Defendants still owed $1,325.47. That letter concluded: "If you would like to discuss settlement options, please advise." Defendants responded by letter dated May 1, 2012, again disputing the debt. Attached to this letter was the lender's statement showing a payoff amount on the loan of $1,894.98, a copy of Defendants' check for $1,649.98 of this amount, a copy of Defendants' bank account showing that the lender had cashed that check, and a second explanation of the reason Defendants had not paid the disputed $245. Defendants' letter concludes: "What more do you require to show that we are correct and your figures are wrong?" Plaintiff's counsel did not respond. Instead, without notice to Defendants, Plaintiff obtained a default judgment for $1,898.96.


¶17 In Schweigert, the Supreme Court examined the notice required under Rule 10. The Court held:

Rule 10's requirement for filing a motion and giving notice is applicable any time a party appears before a court, whether by filing a document or physically participating in a hearing. Rule 10 provides not only that a motion must be filed and notice given to a party who has appeared, but that the motion must be filed even if no notice was required. Rule 10 expressly provides:


If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default or because their addresses are unknown to neither.

(Emphasis added.) This language mandates that a motion must be filed in all instances, even when a party fails to make an appearance, and the motion must recite what notice was given, and, if none were given, the reason therefore. Mother's failure was an irregularity in the proceedings that left the district court without means of determining whether she was required to give notice, and, if so, whether the notice conformed to due process prerequisites of entering judgment.



Schweigert v. Schweigert, 2015 OK 20, ¶ 15, 348 P.3d 696 (emphasis added).


¶18 Defendants here contested the debt and were in communication with the attorneys about the debt before Plaintiff sought a default judgment. It is clear that Plaintiff knew how to contact Defendants and give them notice of the motion for default judgment. Defendants twice contested the debt and were in ongoing communication with Plaintiff regarding the debt before Plaintiff sought default judgment. There is no indication that a hearing was held in this matter.


¶19 In Schweigert, the Supreme Court examined the plain text of Rule 10 and concluded that a motion for default judgment "must be filed in all instances, even when a party fails to make an appearance, and the motion must recite what notice was given, and, if none were given, the reason therefore." Id. The record does not show Plaintiff filed such motion, or that the matter was set for hearing. We conclude the trial court incorrectly interpreted Rule 10 as not requiring a motion or notice of hearing in this case.


¶20 We further conclude that Plaintiff's use of a modified summons altered Plaintiff's responsibilities to notify Defendants when Plaintiff moved for a default judgment. In its modified summons, Plaintiff added language notifying Defendants that, if they disputed the debt in writing, it would cease "all collection efforts, including our proceeding with this lawsuit" until Plaintiff responded to Defendants' communication. And Plaintiff voluntarily assumed the obligation to "respond as required by law" to Defendants before proceeding further. We cannot disregard the application of the Rules of Professional Conduct in this case. 5 O.S.2011, ch. 1, app. 3-A. Rule 4.1, Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A, requires that the statement Plaintiff added to the summons be true, and imposes that requirement on the attorney issuing that summons. Rule 4.1 imposes a duty on counsel to disclose material facts to third parties like Defendants. In light of Plaintiff's representation to Defendants that it would cease all collection efforts and prosecution of this case if Defendants disputed the debt, in light of Plaintiff's counsel's April 10, 2012, offer to engage in settlement negotiations--to which Defendants responded by asking to be shown why their "figures" were wrong--and in light of Plaintiff's counsel's failure to respond to Defendants' last letter with its attachments before pursuing the litigation, the decision to proceed with the lawsuit and to take a default judgment was a material fact that Plaintiff and its counsel should have disclosed to Defendants in advance of any action by the trial court.

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if . . . an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused.


Oklahoma City v. Castleberry, 1966 OK 68, ¶ 0, 413 P.2d 556 (syl. no. 1 by the Court).


¶21 "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." Rule 3.3(d), Rules of Professional Conduct, 5 O.S.2011, ch. 1, app. 3-A. Before being asked to enter a default judgment in this case, the trial court should have been informed of the material facts and circumstances, including: (1) Defendants were not served with or notified of any hearing on the default judgment, despite having disputed the debt and having communicated directly on many occasions with Plaintiff and Plaintiff's counsel about that dispute since April 2010; (2) Plaintiff's counsel's offer to discuss settlement options with Defendants, when they were unrepresented parties, could reasonably be understood by Defendants to call for some response to their May 1, 2012, letter, and that Plaintiff's offer would be met or withdrawn before Plaintiff reinstituted prosecution of the case; (3) Defendants' documents showed that they owed, at most, only $245 plus interest; and (4) some explanation of how that $245 had become the $1,325.47 sued for in Plaintiff's petition. The record in this case does not show that the trial court was informed of any of these facts and circumstances before granting default judgment.


¶22 Defendants filed their petition to vacate the default judgment pursuant to 12 O.S.2011 § 1031(4), (7), and (9). Pursuant to subsection 4, a "district court shall have power to vacate or modify its own judgments or orders" on the grounds of "fraud, practiced by the successful party in obtaining a judgment or order." Subsection 7 allows for vacation or modification "[f]or unavoidable casualty or misfortune, preventing the party from prosecuting or defending," while subsection 9 allows for vacation or modification "[f]or taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment." Defendants, however, also asserted in their objection to Plaintiff's motion to dismiss their petition to vacate that (1) "Plaintiff went to court and obtained default judgment against the Defendants with no disclosure to the Court of any contemporaneous correspondence received from the Defendants," and (2) there is no "record that Plaintiff['s] legal counsel advised Defendants of the setting for default judgment or provided Defendants with any advance notice thereof."


¶23 In Schweigert, 2015 OK 20, ¶ 7, the Supreme Court instructed that when a father asserted a mother failed to file a motion for default judgment and therefore failed to give him proper notice pursuant to Rule 10, he was asserting a claim for irregularity in the proceedings. Defendants here made a similar assertion. Title 12 O.S.2011 § 1031(3) allows a district court to vacate its judgment "[f]or mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order." Pursuant to 12 O.S.2011 § 1038, proceedings to vacate a judgment pursuant to § 1031(3) must be brought within 3 years of the filing of the judgment. Defendants met this requirement.


¶24 The applicable law is well-established. Default judgments are disfavored and the decision to vacate a default judgment should be exercised to promote justice. Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480. We conclude this default judgment cannot stand and it was error for the trial court to refuse to vacate the judgment.


CONCLUSION


¶25 The decision of the trial court is reversed, the default judgment is vacated, and the case is remanded for further proceedings.




¶26 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.





GOODMAN, C.J., and FISCHER, J., concur.





FOOTNOTES




[1] We deny Defendants' Motion to Strike Plaintiff's Entry of Appearance and Answer Brief.





[2] Marquis Furniture, Inc., does business as Hoffmans Furniture.





[3] It is unclear exactly when Wells Fargo Financial National Bank assigned the debt to Asset Acceptance LLC. Because Defendants made their last payment directly to Wells Fargo Financial National Bank on or about April 8, 2010, we assume that it was after that time.





[4] Defendants were properly served; in compliance with 12 O.S.2011 § 2004(C)(1)(c)(1), the process server left copies of each Defendant's summons and petition at Defendants' residence in Cleveland County, Oklahoma, with their daughter who was over the age of 15 and a resident of the home. While both Defendants' petitions and summonses were left at the same residence with the same person, the returns of summons contain different dates of service. For example, Defendant Pham's summons shows a service date of March 1, 2012, and Defendant To's summons erroneously contains two different service dates: March 1, 2012, and March 5, 2012. The March 5 date appears to be a typographical error, it being the date the process server signed the return. Regardless of this discrepancy, Defendants do not dispute the fact that they were served.





[5] In their counterclaim, Defendants specifically contended "[t]hat the acts and omissions of Plaintiff [ ] [were] contrary to Oklahoma law, 15 O.S.2011 § 753 (11), (20), (26)" and "in violation of the 15 USC §1692 et seq." Notably, 15 O.S.2011 § 753 concerns unlawful practices under the Oklahoma Consumer Protection Act. Similarly, the Fair Debt Collection Practices Act was codified as 15 U.S.C. §§ 1692-1692 p. This counterclaim is not at issue in this appeal.





[6] Defendants did not separately file the returns of summons with the trial court before filing the objection. But Defendants did serve Plaintiff, as well as its counsel, with a summons and petition via certified mail/return receipt requested on September 2, 2014.











 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 54, 191 P.3d 612, DURANT CIVIC FOUNDATION v. THE GRAND LODGE OF OKLA. OF THE INDEP. ORDER OF ODD FELLOWS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed at Length
 1997 OK 70, 943 P.2d 588, 68 OBJ 1993, FARM CREDIT BANK OF WICHITA v. TRENT
Discussed
 2001 OK 45, 32 P.3d 825, 72 OBJ 1607, HOROWITZ v. ALLIANCE HOME HEALTH, INC.
Discussed
 1966 OK 68, 413 P.2d 556, OKLAHOMA CITY v. CASTLEBERRY
Discussed
 2002 OK 31, 46 P.3d 698, JONES, GIVENS, GOTCHER & BOGAN, P.C. v. BERGER
Discussed
 2015 OK 20, 348 P.3d 696, SCHWEIGERT v. SCHWEIGERT
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Discussed at Length
 12 O.S. 1033, Proceedings to Vacate or Modify Judgment or Order - Grounds - by Petition - Verification - Summons
Discussed
 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Cited
Title 15. Contracts
 Cite
Name
Level

 15 O.S. 753, Unlawful Practices
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA