POPPINGA v. WALLACE
2025 OK 17
Case Number: 121217
Decided: 03/04/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 17, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

GRANT PHILLIP POPPINGA, Petitioner/Appellee,
v.
ARRIANNA MONET WALLACE, Respondent/Appellant.

ON APPEAL FROM THE DISTRICT COURT OF LOGAN COUNTY, 
OKLAHOMA, THE HONORABLE LOUIS DUEL, DISTRICT JUDGE.

¶0 Mother seeks to vacate a default judgment entered against her which determined the paternity of her child and granted custody thereof to Father. Mother challenges the sufficiency of the service of summons by publication, claiming defects therein and that the trial court abused its discretion when it denied her motion to vacate. We retained the matter and now reverse.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Grant Phillip Poppinga, pro se, Guthrie, Oklahoma, for Petitioner/Appellee.

Mozella Irwin-Smith, Legal Aid Services of Oklahoma, Inc., Stillwater, Oklahoma, and Teressa L. Webster, Legal Aid Services of Oklahoma, Inc., Muskogee, Oklahoma for Respondent/Appellant.

WINCHESTER, J.

¶1 This matter originated as a paternity proceeding filed by Father, Grant Phillip Poppinga. Father filed a petition of paternity seeking a determination of parentage, custody, visitation, and support for the minor daughter (Child) he shares with Arrianna Monet Wallace, Mother. Father attempted service of the petition by publication and thereafter filed a motion for default judgment when Mother failed to appear. The district court granted Father's requested default judgment. When Mother learned of the judgment against her, she sought to have it vacated claiming errors in the service by publication as well as in the award of default judgment. The district court denied Mother's request and she appealed. We retained the matter to address whether Father's service by publication was sufficient and whether the district court erred in failing to grant Mother's motion to vacate the default judgment. We find error in both the service by publication and in the district court's denial of the motion to vacate.

FACTS AND PROCEDURAL BACKGROUND

¶2 On December 10, 2021, Father filed a Petition of Paternity seeking custody of Child. Sometime before this, Mother had reportedly taken Child from their shared home and left the state leaving Father unable to locate them. Father failed to obtain personal service on Mother and on January 4, 2022, the case was stricken for lack of service. The record does not reflect a request for an Alias Summons nor was one granted. After obtaining new counsel, Father filed a new Summons and an Affidavit for Service by Publication. The Affidavit, signed by Father's counsel, provided:

Affiant states that this Petition of Paternity is one wherein service by publication is authorized by the laws of this State. Affiant further states that Petitioner does not know and upon diligent inquiry is unable to ascertain the whereabouts of the Respondent Arrinna [sic] Monet Wallace. Petitioner believes that Respondent has removed herself and the minor child from the State of Oklahoma and relocated to St. Peters, Missouri. Petitioner has obtained the services of a Private Detective and Process Server to locate and serve the Respondent, but the Respondent has refused all attempts of service. The Petitioner is therefore unable to make service of summons upon said Respondent within or without the State of Oklahoma by any other method and desires the Court to accept service by publication upon said Respondents [sic].

The notice was thereafter published in the Logan County Courier on June 2, 9, and 16, 2022. The first publication occurred one hundred and seventy-four days after Father filed his petition. The third and final publication was completed one hundred and eighty-eight days after the filing of Father's petition.

¶3 The Proof of Publication set forth the following notice as published in the Courier:

IN THE DISTRICT COURT OF LOGAN COUNTY STATE OF OKLAHOMA GRANT PHELLIP [sic] POPPINGA, Petitioner, Vs. ARRINNA [sic] MONET WALLACE, Respondent Case No. FP-2021-36 SUMMONS AND NOTICE BY PUBLICATION THE STATE OF OKLAHOMA TO: ARRINNA [sic] MONET WALLACE.

Take notice that you have beea [sic] sued by Arrinna [sic] Monet Wallace in the above named court for divorce based on inconpatibility [sic] and that said suit has asked for the division of property and debt of the marriage. You must answer the Petition filed by said Plaintiff on or before the 15th day of July, 2022 or the ailegatioi-is [sic] contained in said Petition filed by plaintiff will be taken as true and an Order will be granted for Grant Phlllip [sic] Poppinga.

¶4 On July 20, 2022, Father filed a Motion for Default Judgment. There is no record of notice of a hearing requested or held on Father's Motion. The same day Father filed the Motion, the district court entered an order granting Father's Motion for Default Judgment. This order affirmatively established Father's paternity, awarded him sole custody of Child, and set visitation and child support. The Default Order granted by the court did not reference the service by publication but stated "that Respondent was lawfully notified of the time and place of this hearing, and that Respondent is wholly in default." The court further "found that this matter was properly presented for hearing by Petitioner at this time." The certificate of service attached to Father's motion for default judgment indicates it was mailed to Mother at an address in Guthrie, Oklahoma, on the same day it was filed and decided by the court.

¶5 When Mother discovered the default order, her counsel filed a special entry of appearance, a Motion to Vacate Default Decree, Writ of Habeas Corpus and Motion to Dismiss. The district court overruled all motions. Mother appealed and this Court retained the matter.

STANDARD OF REVIEW

¶6 Oklahoma courts view default judgments with disfavor, preferring, when possible, to allow the parties to have their day in court so that a decision on the merits may be reached. Williams v. Meeker N. Dawson Nursing, LLC, 2019 OK 80455 P.3d 908Velasco v. Ruiz, 2019 OK 46457 P.3d 1014Id. An abuse of discretion occurs when a court's "decision is based on an erroneous interpretation of the law, on factual findings that are unsupported by proof, or represents an unreasonable judgment in weighing relevant factors." Oklahoma City Zoological Trust v. State ex rel. Pub. Emps. Relations Bd., 2007 OK 21158 P.3d 461Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 7813 P.3d 480Id.

¶7 Here, the record reflects the district court erred in finding the service by publication was sufficient and in failing to grant Mother's motion to vacate the default judgment. These decisions constitute an abuse of discretion.

DISCUSSION

¶8 A parent's right to a relationship with their child is a fundamental, constitutionally protected right that cannot be altered without due process. Nelson v. Nelson, 1998 OK 10954 P.2d 1219the nature of any relief sought." Id. ¶ 21, 954 P.2d at 1228 (Emphasis in original). Adequate notice provides a realistic opportunity to be heard in court and the right "to participate in a meaningful manner before one's rights are irretrievably altered." Purcell v. Parker, 2020 OK 83475 P.3d 834Id.

¶9 A review of the proof of publication filed by Father reveals that the published notice was riddled with defects from the misspelling of the names of both parties and other grammatical errors to the failure to identify the correct nature of the suit. These errors alone are fatal to the court's jurisdiction over Mother, but Father also failed to complete the service by publication within one hundred and eighty (180) days of the filing of his petition. This multitude of errors denied Mother due process when her child custody and visitation rights were altered without adequate notice that such rights were in jeopardy.

¶10 Oklahoma law makes clear that service by publication is a matter of last resort reserved for cases where "service cannot be made upon the defendant by any other method." 12 O.S.2021, § 200412 O.S.2021, § 2004Id. Finally, the notice must also "state that the named defendants and their unknown successors have been sued and must answer the petition on or before a time to be stated (which shall not be less than forty-one (41) days from the date of the first publication), or judgment, the nature of which shall be stated, will be rendered accordingly." Id.

¶11 Mother argues the district court lacked jurisdiction to enter the default order due to Father's failure to serve her and put her on notice of the proceeding let alone that such important matters as child custody and child support were at issue. The publication notice posted in the paper merely identified the action as a divorce proceeding seeking the division of marital property and debt, not one where child custody and visitation would be determined. Mother further states that Father did not provide her with notice of the time, date, and place for the hearing on the Motion for Default Judgment and that the court granted Father's motion for default judgment the same day the motion was filed and mailed to Mother per the certificate of mailing. Mother alleges she did not learn that a custody proceeding was pending prior to Father obtaining the Default Judgment. As a result of the Default Decree, Mother claims her visitation with Child is extremely limited and that she has no unsupervised visits with Child.

¶12 Though Oklahoma's Pleading Code requires only substantial compliance, when notice is given by publication, "the general rule tends toward strictness". Tucker v. New Dominion, L.L.C., 2010 OK 14230 P.3d 882Velasco v. Ruiz, 2019 OK 46457 P.3d 1014Velasco, our Court recognized that the procedures set forth in the statutes for service of process provide a defendant with certain due process rights, the violation of which undermines jurisdiction and constitutes reversible error. Id; 12 O.S.2021, § 2004

¶13 Even if the parties and nature of the suit had been correctly identified, Father's proof of publication appears untimely. Section 2004 (I) provides that service not made within one hundred eighty (180) days after the filing of the petition "shall be deemed dismissed" where the plaintiff has not shown good cause for the delay. 12 O.S.2021, § 200412 O.S.2021, § 2004

¶14 Further compounding the errors related to service herein, the trial court failed to follow proper court procedure to ensure the accuracy of Father's alleged due diligence. Rule 16 of the Rules for District Court of Oklahoma provides that "[w]hen a request for service by publication is made, the trial court is required to conduct a judicial inquiry into the specific facts concerning what methods of due diligence were exercised in conducting a legitimate search for the Respondent.

CONCLUSION

¶15 While default judgments have not been eliminated in Oklahoma, they are disfavored, especially when a party has yet to be heard on the merits. Here, Mother was not given adequate notice that her child custody and visitation rights were in peril and, consequently, she was deprived of due process. The trial court should have granted Mother's motion to vacate the default judgment. The trial court's final order refusing to vacate the default decree of paternity, visitation, and child support is therefore reversed. Because there is no longer any determination of paternity, the matter is remanded for the trial court (1) to reconsider Mother's motion to dismiss for lack of jurisdiction--particularly in light of the Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA), 43 O.S.2021, §§ 551-101et seq.--and for insufficiency of service of process, (2) to reconsider her motion to vacate the writ of habeas corpus, and (3) to conduct such further proceedings as necessary in a manner consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

CONCUR: Rowe, C.J., Kuehn, V.C.J., Winchester, Edmondson, Combs, Gurich, Darby, and Kane, JJ.

FOOTNOTES

When a default judgment sought in any action against a party-defendant who was served solely by publication (i.e., upon whom no notice by mailing was effected), the judge shall conduct an inquiry either in open court or in chambers to determine judicially whether plaintiff, or someone acting in his behalf, did make a diligent and meaningful search of all reasonably available sources at hand and failed to ascertain from it the following data:

(a) the whereabouts or mailing address of every person named as defendant who was so served in the action....

....

If, after hearing the evidence the judge finds that plaintiff did in fact exercise due diligence in conducting a meaningful search, the following recitation should be included in the journal entry of judgment:

'The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication, and based on the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standards of state and federal due process.'